On August 7, 1980, the defendant pleaded guilty to the charge of disorderly conduct in violation of General Statutes 53a-182. The court imposed a ninety-day sentence upon the defendant, suspended its execution and placed the defendant on probation for a period of one year. On the same day the defendant pleaded guilty to the charge of operating a motor vehicle while his right to do so was under suspension in violation of General Statutes 14-215. For this offense, the court imposed upon the defendant a ninety-day sentence consecutive to the ninety-day sentence in the criminal matter, suspended execution of the sentence, placed the defendant on probation for a period of one year and fined him $100. As a special condition of this probation, the defendant was to commit no further motor vehicle offenses during the period of probation.
On December 4, 1980, the defendant was again convicted of operating a motor vehicle while his right to *Page 474 
do so was under suspension. The court thereupon imposed a ninety-day sentence which the defendant appealed.
Meanwhile, the department of adult probation initiated a probation revocation proceeding alleging that the defendant's more recent motor vehicle arrest and conviction constituted a violation of the special condition of the earlier probation. The defendant requested that the revocation proceeding be continued pending the outcome of his appeal. On December 11, 1980, over the defendant's objection, the court opened the original judgments, revoked the orders suspending execution of the earlier sentences and committed the defendant for a period of 180 days, to be served concurrently with the ninety-day sentence imposed upon him for the more recent motor vehicle violation.
The defendant has appealed to this court. He claims that the trial court should have continued the revocation proceeding pending the outcome of his appeal. In the alternative, he claims that his proposed testimony in the revocation proceeding should have been granted immunity from later use at the retrial of the motor vehicle case, should his appeal of that case be successful. In refusing to adopt either procedure, the defendant argues, the court forced him to make an unconstitutional election between his due process right to present a defense at the revocation proceeding[1] and his right to refrain from compulsory self-incrimination[2]
at the possible retrial of the motor vehicle case. we do not concur.
The state concedes, and we agree, that a probationer is entitled to certain due process rights at a probation *Page 475 
revocation hearing, including the "opportunity to be heard in person and to present witnesses and documentary evidence." Morrissey v. Brewer,408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484
(1972); see Gagnon v. Scarpelli, 411 U.S. 778,785, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
It is equally evident that an individual has a constitutional right to remain silent in any "proceeding, civil, or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316,38 L.Ed.2d 274 (1973); see Baxter v. Palmigiano, 425 U.S. 308,316, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). The defendant clearly had a right of constitutional proportions to remain silent in not only the revocation proceeding but also in any subsequent retrial of the motor vehicle offense.
The fact that an accused is confronted with the prospective waiver of one constitutional right in order to preserve the integrity of another constitutional right does not necessarily create a conflict that is in itself unconstitutional. "The criminal process, like the rest of the legal system, is replete with situations requiring `the making of difficult judgments' as to which course to follow. McMann v. Richardson, 397 U.S. [759, 769, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." (Emphasis added.) McGautha v. California, 402 U.S. 183,213, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971).
While we conclude that pretrial revocation proceedings may present a probationer with a strategically difficult decision, we nevertheless conclude that the possible inequities inherent in such a dilemma must be balanced against a legitimate state interest in promptly incarcerating *Page 476 
or reincarcerating those representing a possible danger to society, as demonstrated by their prior criminal convictions. The state's interest becomes particularly compelling where, as here, the subsequent trial has already taken place, the defendant has been convicted, and he now grasps at the procedural straw of a possible new trial after appeal as the basis of his "constitutional dilemma.
The defendant's claim in the present circumstances is premature and thereby unnecessarily creates a problem where none may exist. If the defendant testified at a probation revocation proceeding based upon his conviction of a subsequent crime; if an appeal of that conviction was successful; if a new trial was ordered; if the state elected to proceed with a new trial; and if the prosecution proposed using the defendant's earlier testimony at the revocation hearing as evidence at the new trial, the defendant could then move at the new trial to suppress his earlier testimony raising all of the "constitutional" and equitable considerations presented here.[3] In the present context, however, the numerous contingencies which must occur before the constitutional privilege against self-incrimination can apply so weaken the defendant's equitable claims that they must yield to the greater interest of the state in promptly protecting its citizens from those who might be dangerous to society.
 There is no error.
In this opinion SHEA and DALY, Js., concurred.