STATE OF CONNECTICUT *v.* CURTIS JENNINGS
(7605)
(7606)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 6, 1989—decision released February 27, 1990

*Lauren Weisfeld,* assistant public defender, with whom, on the brief, was *Meira Rosenberg,* assistant public defender, for the appellant (defendant).

*Mary H. Lesser,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Robert J. O'Brien,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of one count of burglary in the third degree in violation of General Statutes § 53a-103 and one count of criminal trespass in the second degree in violation of General Statutes § 53a-108. The dispositive issue is whether the court erred in prohibiting the defendant from testifying after both sides had completed their closing arguments.[1] We find no error.

The defendant was charged in two cases, which were tried together, with burglary in the third degree after undercover police officers observed him breaking into two parked cars and going through the trunk of one car and the glove compartment of the other. The jury found the defendant guilty as charged in one case and guilty of the lesser included offense of criminal trespass in the second degree in the other.

After the state presented its case-in-chief, the defendant rested without offering any evidence. Both sides then made their closing arguments. As the court was about to charge the jury, defense counsel asked that the jury be excused. He then informed the court that the defendant had raised his hand and wished to speak.

---

[1] The defendant states his claims of error as follows: "Whether the court violated the defendant's right to testify and his Due Process right to a fair trial under the federal and state constitutions by (A) its failure to conduct an inquiry to determine whether the defendant had voluntarily, knowingly, and intelligently forfeited his right to testify, (B) its failure to exercise its discretion to determine whether it would have been appropriate to reopen the defense case to allow the defendant to testify after the summations, and in the alternative, (C) its failure to allow the defendant to testify after the summations which, under the circumstances of the case, was an abuse of discretion?"

The defendant then addressed the court, saying, "I think that there are some things that I need to say to the jury on my behalf. *I want to make a closing argument.*" (Emphasis added.) The trial court denied the request.[2]

The defendant now argues that his request to the trial court was not, in fact, a request to make a closing argument but rather was a request to testify, and he contends that the court's decision deprived him of his right to testify on his own behalf. Before we can decide if the defendant had the right to testify at such a late stage in the proceedings, we must first examine the record to determine whether the trial court reasonably should have understood the defendant's remarks to be a request to testify and not a request to argue to the jury.

If the defendant sought to make a closing argument, the court properly denied it. Practice Book § 874 (5) clearly limits the defendant to one closing argument,

---

[2] The colloquy that took place at this point was as follows:

"[Defense Counsel]: Your Honor, Mr. Jennings has raised his hand and he wants to be heard.

"The Court: Mr. Jennings, do you want to be heard?

"[The Defendant]: Yes, Your Honor.

"The Court: What do you want to say?

"[The Defendant]: I think that there are some things that I need to say to the jury on my behalf. I want to make a closing argument.

"The Court: Well, that is the purpose of having an attorney, Mr. Jennings.

"[The Defendant]: I want to talk to the jury and give them a very short version of what had happened that night.

"The Court: But sometimes that is not the right thing to do and especially with a person with a felony. If you want to address the jury and give your version of the facts, you—your felony conviction may—well, I am sure that will not happen here.

"[The Defendant]: They only know what the police officer said. My record came back and my pictures. I mean they—

"The Court: Well, if this is a request to address the jury, it is not within the rules and I can't tell you do it and I will note your exception to the record on the court's ruling in this matter. If I have made a mistake, someone will correct my error."

and the defendant's counsel had already spoken.[3] The defendant has no right, under the federal or state constitutions, to hybrid representation with his attorney. *State* v. *Gethers,* 197 Conn. 369, 382–94, 497 A.2d 408 (1985). Even more directly on point is *State* v. *DelVecchio,* 7 Conn. App. 217, 221–22, 508 A.2d 460, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986); in which this court held that a defendant had no right to share closing arguments with his attorney.

The defendant plainly asked the court if he could make a closing argument. At no point in the colloquy did he ask to take the stand and testify. Furthermore, neither the defendant nor his counsel ever made a motion to open the case to present additional evidence, nor did either attempt to make an offer of proof as to the nature of defendant's testimony. Additionally, a denial of the defendant's right to testify was not included as one of the grounds in his motion for a new trial. Finally, we note that the state completed its case on the Friday preceding a Memorial Day weekend. At defense counsel's request, the case was continued until the following Tuesday to give the defendant an opportunity to confer with his attorney on how to proceed with the defense. When the trial resumed the following Tuesday, the defendant rested without presenting evidence. As a result, the court, acting pursuant to General Statutes § 54-84 (b), informed the jury that the defendant had elected not to testify and that no unfavorable inference could be drawn therefrom.

The defendant contends that because the court referred to the possibility that the defendant's prior felony record might be brought to the jury's attention, the court must have realized that this was a request

---

[3] Practice Book § 874 (5) provides as follows: "The defendant may make a *single* closing argument following the opening argument of the prosecuting attorney." (Emphasis added.)

to testify. He also argues that, in advising the court that he wanted to talk to the jury to give them a short version of what had happened that night, he clearly disclosed a desire to testify. Both of these claims are without merit. First, reference to the prior felony record is consistent with the court's knowledge that a jury argument would not expose the defendant's prior conviction since he had not previously testified. Second, the defendant had just heard the state's attorney summarize the prosecution's version of the events on the night in question. There is nothing in the record to indicate anything other than that the defendant simply wanted to deliver an argument to give the jury his version of those events.

The record discloses that the defendant expressly, distinctly and unambiguously told the trial court that he wanted to make a closing argument. Nothing in the record supports the defendant's claim that this should have alerted the trial court to the fact that this was in reality a request to testify. Accordingly, we need not determine whether the defendant should have been allowed to testify.

There is no error.

In this opinion the other judges concurred.