[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, First American Bank, N.A., recovered a default judgment against the defendant, Gerald Bush, in the Superior Court of the District of Columbia, Civil Division, for $35,827.94, with interest and costs. In this complaint, the plaintiff seeks to enforce that judgment.
The District of Columbia action was based on a check drawn on the plaintiff bank in the amount of $40,000.00 and CT Page 4997 written by the defendant, as president of International Investors, Ltd., against the account of International Investors, Ltd. The check was made payable to and endorsed by the defendant. The check was honored by the plaintiff bank. However, the plaintiff bank discovered that there were insufficient funds in the account to cover the check in full and, after demand, instituted the action in Washington.
The defendant has moved to dismiss the complaint on the claim that the action is one to enforce a foreign judgment which was obtained without proper personal jurisdiction.
Because the judgment secured by the plaintiff in the District of Columbia was obtained by default of appearance, the defendant asserts that he has the right to attack the validity of that judgment collaterally. CT Page 4998
Connecticut has adopted the Uniform Enforcement of Foreign Judgments Act, General Statutes Section 32-604, et. seq. and the Uniform Foreign Money Judgment Act, General Statutes Section 52-611 et seq. Section 52-604 of the Uniform Enforcement of Foreign Judgment Act defines "foreign judgment" as: "any judgment, decree or order of a court of the United States or any other court which is entitled to full faith and credit in this states, except when obtained by default in appearance or by confession of judgment."
The defendant asserts that the plaintiff bank is not entitled to proceed under C.G.S. Section 52-604 to enforce the foreign judgment in Connecticut since that judgment as obtained by default. Rather, the bank must bring an independent action CT Page 4999 on the judgment pursuant to C.G.S. Section 52-607: "An independent action on a foreign judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." State v. Crawford, 38 Conn. Sup. 472 (1982); Rathkopf v. Pearson,148 Conn. 260, 265 (1961).
The plaintiff bank does not appear to contest this proposition.
The defendant claims that there was no basis for the exercise of personal jurisdiction by the District of Columbia court.
In Kruger v, Kruger, 179 Conn. 488, 491 (1980), our Supreme Court, citing Williams v. North Carolina, 325 U.S. 226, 229
(1945), considered whether a California judgment was entitled to full faith and credit in Connecticut: CT Page 5000
 "It can be made a judgment there only if the court purporting to render the original judgment had power to render such a judgment. A judgment in one state is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits — had jurisdiction, that is, to render judgment."
The defendant contends, therefore, that the foreign judgment obtained in the District of Columbia is void for lack of personal jurisdiction. "A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject matter, one or both. In such cases, the judgment is void, has no authority and may be impeached." Marshall v. Clark, 170 Conn. 199, 205 (1976).
The defendant is a resident of Connecticut and was not at the time in issue a resident or domiciliary of the District of Columbia. Personal jurisdiction over him by the District of Columbia court must be based on the District's long-arm statute — D.C. Code Chapter 4, Subchapter 2, Sec. 13-421, et seq. Of the seven categories listed by that Code under which personal jurisdiction could be obtained in the District, the parties appear to be in agreement that the pertinent subdivision is Section 14-423(a)(1), which provides that a local court may have personal jurisdiction over a nonresident defendant under a claim arising from that "person's transacting any business in the District of Columbia." CT Page 5001
The defendant maintains that writing of a check within the District, let alone outside the District, drawn on a District of Columbia bank is not sufficient to establish transacting business in the District. The defendant claims that case law holds that the transaction of business requirement embraces "those contractual activities of a non-resident defendant which causes a consequence here" (Emphasis supplied). Cockrell v. Cumberland Corp., 458 A.2d 716, 717 (D.C.App. 1983); Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981).
The defendant asserts that in Cockrell, the court held that the writing of a check within the District of Columbia on a District of Columbia bank was too remote and too trivial to be regarded as a consequence of any contractual activity. Id., at 717. The defendant in that case was found not to have transacted business in the District of Columbia and the court granted a Motion to Dismiss. Id., at 718.
The plaintiff, on the other hand distinguishes the Cockrell case from the present circumstances. In the cited case the plaintiff was a Virginia resident living briefly in the District CT Page 5002 at the time of the contract with the defendant. The defendant was a Virginia corporation with which the plaintiff had contracted for the construction of a cabin in the State of Virginia. The defendant corporation never maintained an office or place of business in the District. The plaintiff, however, tried to bring the action for breach of the contract in the District of Columbia.
The District court rejected the plaintiff's claim that since he would have to pay for the consequences of the breach on his District Bank account, the writing of the check was a consequence of contractual activity by the defendant. It was in this context that the court found the actions by the defendant as to remote and trivial to subject it to jurisdiction under the long-arm statute.
In the present case, the exhibits submitted by the plaintiff indicate that the overdrawn check was made payable to and endorsed by the defendant on the International Investors, Ltd. account with the First American Bank of Washington, D.C. (Plaintiff's Exhibit A). The defendant signed, as president, a corporate borrowing resolution for International Investors, Ltd. with the plaintiff bank (Plaintiff's Exhibit B).
Although the defendant had submitted an affidavit stating that International Investors, Ltd. did not maintain any offices in the District of Columbia, the check in issue indicated that International Investors, Ltd. had a place of business in the District of Columbia. In a letter to the plaintiff, the defendant used International Investors, Ltd. stationary which indicated its address as 2816 "O" Street, N.W., Washington, D.C. 20007 and which stationary at the bottom of the page listed Washington as a bulleted city among five.
The plaintiff claims that this conduct and these representations have brought the defendant within the long-arm statute for the District and has established sufficient minimum contacts to satisfy the due process provisions of the Fourteenth Amendment of the federal constitution.
The plaintiff asserts that the "transacting any business" provision of D.C. Code sec. 13-423(A)(1) is interpreted broadly and its reach is limited only by due process considerations. Meyers v. Smith, 460 F. Sup. 621, 622 (D.D.C. 1978). The plaintiff, like the defendant, also cites Mouzavires v. Baxter,434 A.2d 988, 992 (D.C.App. 1981), cert. denied 455 U.S. 1006
(1982), but for the assertion that "[t]he legislative history of our long-arm statute . . . compels the conclusion that the `transacting any business' provision is coextensive with the due process clause." CT Page 5003
Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Rose v. Silver,394 A.2d 1368, 1370 (D.C.App. 1978), citing International Shoe Company v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945).
The plaintiff asserts that under D.C. Code Ann. Sec. 13-423(a)(1), there has been a trend towards liberalization of jurisdictional limitations. Environmental Research Int'l, Inc. v. Lockwood Greene Eng'rs, 355 A.2d 898, 811 (D.C.App. 1976). The District courts have held that Section 13-423(a)(1) covers any transaction of business in the District that can be reached without offending due process, including a single act. Mouzavires v. Baxter, supra, at 992-3. So, a nonresident defendant need not be physically present, rather his activities must cause a consequence in the District of Columbia. The plaintiff also notes that the District Appellate Court asserted in Cohane v. Arepeja-California, Inc., 385 A.2d 153, 158 (D.C. App), cert. denied, 439 U.S. 980 (1978), that: "Under 13-423(a)(1), less of a nexus between the defendant and the District of Columbia is required for a finding of jurisdiction than would be required under the `doing business' test used to determine corporate presence."
The defendant, however, maintains that the minimum contacts with the District which the plaintiff claims have been demonstrated are that International Investors, Ltd. had a place of business in the District of Columbia; that International Investors, Ltd. maintained an account with and its officers authorized borrowing from the plaintiff bank; and, that the defendant dealt with the plaintiff as an officer of International Investors, Ltd. The defendant claims that this is not adequate to subject him individually to the District's jurisdiction since he is protected by the fiduciary shield doctrine, citing Schaffer v. Heitner, 433 U.S. 186 (1977) to the effect that "officers and directors of a corporation operating in the forum state are not subject to jurisdiction of a court in that state, merely by virtue of their positions."
The plaintiff, however, points out that District of Columbia courts have expressly rejected the fiduciary shield doctrine as it applies to D.C. Code Sec. 13-423(a)(1). In Chase v. Pan-Pacific Broadcasting Inc., 617 F. Sup. 1414,1422-23 (D.D.C. 1985), where a claim that jurisdiction could not be imposed individually on one acting as a promoter and agent for a corporation, the court rejected the claim and held the District of Columbia had jurisdiction over the individual agent, stating that claiming the fiduciary shield doctrine CT Page 5004 "confuses procedural and substantive questions and unreasonably immunizes from jurisdiction one who in fact acted in the forum state." Id. 1423.
For the purpose of overcoming a motion to dismiss, it appears to this court that the plaintiff, based on the exhibits filed in conjunction with its opposition to the motion, has made out a prima facie showing that the District of Columbia court had jurisdiction. The District court's jurisdiction over the defendant was as a person with sufficient minimal contacts within the District to be considered as doing business in the District for purposes of D.C. Code Sec. 13-423 (a)(1), as that section has been interpreted by the courts of the District of Columbia.
In his reply brief, t, the defendant claimed that he had not received proper notice by the service of process personally or constructively. This issue was not raised as part of the motion to dismiss and has been addressed, in any event, to the satisfaction of the court by the plaintiff's submission of an affidavit showing service by certified mail and a receipt for such service apparently signed by the defendant.
The motion to dismiss is denied.
NIGRO, J.