[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTS
The plaintiff in the present action is Datronic Rental Corporation, an Illinois corporation; the defendants are D 
L Autobody Towing, Inc. [D L] and Kenneth R. Harrison, Jr., president of D L. On October 19, 1993, the plaintiff filed a one count complaint in which it alleges that the plaintiff had recovered a judgment based upon a promissory note against the defendants in an Illinois circuit court in the amount of $19,192.42 plus $410.50 in costs. The plaintiff alleges that the defendants have failed to satisfy this debt. The Illinois court's order (hereinafter "Order"), a copy of which is attached and incorporated into the plaintiff's complaint, states that the defendants "failed to appear" in Illinois to defend the suit.
On October 25, 1993, the defendants filed an answer and one special defense in which they allege that the foreign CT Page 7042 judgment was rendered without personal jurisdiction over them. On November 11, 1993, the defendants amended their answer to add a three count counterclaim.[1]
On February 23, 1994, the defendants filed a motion for summary judgment on the complaint pursuant to Practice Book § 378. In support of this motion, the defendants have filed a memorandum of law, the affidavit of defendant Harrison, a copy of the promissory note, a copy of the guaranty agreement, and a copy of the security agreement. The plaintiff has not filed a memorandum of law, or any other documentary evidence, in opposition to the defendants' motion for summary judgment.
DISCUSSION
Summary judgment is "designed to eliminate delay and expense incident to a trial when there is no real issue to be tried." (Citations omitted; internal quotation marks omitted.)Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; see Strada v. Connecticut Newspapers,Inc., 193 Conn. 313, 316-17, 477 A.2d 1005 (1984). In ruling on a summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party";Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991); and "the trial court [is] limited to deciding whether an issue of fact exist[s], [and may] not try that issue if it [does] exist." Batick v.Seymour, 186 Conn. 632, 647, 433 A.2d 471 (1988).
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact"; Strada v.Connecticut Newspapers, Inc., supra, 193 Conn. 317; by offering "`such documents as maybe appropriate, including but not limited to affidavits . . . written admissions and the like.'" Bassins v. City of Stamford, 26 Conn. App. 534, 537,602 A.2d 1044 (1992), quoting Practice Book § 380. Where the adverse party does not respond to the motion for summary judgment, "the court is entitled to rely on the facts stated in the affidavit of the movant." Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983). CT Page 7043
In support of the motion for summary judgment, the defendants argue that the documents and affidavit that they have submitted establish that the defendants had no "meaningful contacts" with the state of Illinois and, accordingly, that the Illinois court did not have personal jurisdiction over them. Consequently, the defendants argue, the Illinois judgment should not be enforced against them by this court.
"[T]he full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." (Citation omitted.) Packer Plastics,Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 193 (1990). Foreign judgments are given full faith and credit if they are not based on default of appearance or concession. See SeaboardSurety Co. v. Waterbury, 38 Conn. Sup. 468, 471, 451 A.2d 291
(App. Sess. 1982). See also Norman I. Krug Co. v. Bowman,5 CSCR 490, 491 (May 31, 1990, Landau, J.). Where, however, as in the present case, a party seeks to enforce a foreign judgment that is based upon default of appearance, the party must proceed by way of an independent action on the judgment and the debtor is allowed "to attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void." Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 471-72; see General Statutes §§ 52-605 and 52-607;Marshall v. Clark, 170 Conn. 199, 205, 365 A.2d 1202
(1976) ("This rule includes the proposition that lack of jurisdiction renders a foreign judgment void."); Orix CreditAlliance v. Nuzzolillo, Superior Court, Judicial District of New Haven, Docket No. 33 59 78 (July 22, 1993, Gray, J.). Note, however, that the judgment of another state is to be presumed valid and that the burden of proving a lack of jurisdiction "rests heavily upon the assailant." Williams v.North Carolina, 325 U.S. 226, 233-34, 65 S.Ct. 1092,89 L.Ed. 1577, reh. den., 325 U.S. 895, 65 S.Ct. 1560, 89 L.Ed. 2006 (1945).
In deciding the issue of jurisdiction for the purpose of the defendants' collateral attack on the Illinois judgment, Illinois law applies to determine whether the Illinois court had personal jurisdiction over the defendants. See FirstAmerican Bank v. Bush, 6 CSCR 622 (June 6, 1991, Nigro, J.);Trollers Associates v. Subway Sandwich Shops, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket CT Page 7044 No. 03 26 63 (November 25, 1991, Flynn, J.); Orix CreditAlliance v. Nuzzolillo, Superior Court, judicial district of New Haven, Docket No. 33 59 78 (July 22, 1993, Gray, J.). Pursuant to Illinois law, "[w]hen resolving the question of state court jurisdiction over a defendant, a court must make two inquiries: 1) whether a state statute grants personal jurisdiction over the defendant and 2) whether such jurisdiction is within constitutional bounds." (Citation omitted.) Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992); see Excel Energy Co., Inc. v. Pittman,60 N.E.2d 637, 639 (Ill.App. 1992) ("The assertion of personal jurisdiction over a nonresident defendant must satisfy the requirements of due process as well as those of the long-arm statute.").
In the Order, the Illinois court stated that it had jurisdiction over the defendants "by reason of the Defendant(s)' having made or performed a contract substantially connected with the State of Illinois . . . ." The language of the Order tracks that of the Illinois long-arm statute, Ill. Stat. Ann. § 2-209 (a)(7), which provides that
 (a) Any person . . . who . . . does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
. . . .
 (7) The making or performance of any contract or promise substantially connected with this State . . . .
However, in the memorandum of law in support of the motion for summary judgment, the defendants donor challenge that court's application of the Illinois long-arm statute, but instead argue that the Illinois court's assertion of personal jurisdiction over them violated their due process rights under the United States Constitution.
"It is unnecessary to determine whether the requirements of the long-arm statute have been met when the due process clause bars any exercise of jurisdiction over the defendant." (Citation omitted.) Excel Energy Co., Inc. v. Pittman, supra, CT Page 7045 60 N.E.2d 639. In addition, in Rollins v. Ellwood,565 N.E.2d 1302 (Ill. 1990), the Illinois Supreme Court stated that the due process clause of the Illinois Constitution requires that personal jurisdiction only exists when it is "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests in Illinois." Id., 1316.
"In determining whether jurisdiction is proper, `the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum state.'" Dehmlow v. Austin Fireworks, supra, 963 F.2d 946, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "That requirement is met if the defendant `purposefully avails himself of the privilege of conducting activities within the forum state.'" Dehmlow v.Austin Fireworks, supra, 963 F.2d 946, quoting Hanson v.Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958). "The minimum contacts and fair warning requirement is satisfied if the defendant either purposefully directed his activities at Illinois residents, reached out beyond one State to create continuing relationships with citizens of another State, or purposefully derived benefits from his interstate activities." (Citation omitted.) Excel Energy Co., Inc. v.Pittman, supra, 606 N.E.2d 640. "The defendant's conduct in relation to the forum state, not unilateral actions of the plaintiff, determine jurisdiction." Dehmlow v. AustinFireworks, supra, 963 F.2d 946. "[I]f a defendant has directed its conduct toward serving a state's market, it may not be heard to complain that it could not have foreseen being haled into that state's courts." Id., 948; see World Wide Volkswagenv. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980).
In assessing the fairness of the Illinois court's exercise of personal jurisdiction over the defendant, several factors must be considered:
 Those factors include: "The burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination `the interstate judicial system's interest in obtaining the most CT Page 7046 efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'"
Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992), quoting Asahi Metal Industry Co. v. Superior Court ofCalifornia, 480 U.S. 102, 108-09, 107 S.Ct. 1026,94 L.Ed.2d 92 (1987), quoting World Wide Volkswagen v. Woodson, supra,444 U.S. 292.
As stated above, because the plaintiff did not submit a memorandum of law in opposition to the defendants' motion for summary judgment or any documentary evidence in opposition to the motion, the court is permitted to rely on the affidavit and other documentary evidence submitted by the defendants.Bartha v. Waterbury House Wrecking, supra, 190 Conn. 11-12.
The affidavit of defendant Harrison, which has not been challenged by the plaintiff, contains the following recitation of facts which are relevant to the issue of personal jurisdiction: Harrison has never been in Illinois nor has he transacted any business there; D L, a Connecticut corporation with its principal place of business in Connecticut, negotiated a promissory note and security agreement with K.L.C., Inc., also a Connecticut corporation; upon notification of the sale of the note to the plaintiff, D L directed its instalment [installment] payments to the plaintiff; after falling behind in these payments in 1992, Harrison negotiated a payment plan with the plaintiff's collections representative.
In addition, the copy of the promissory note, submitted by the defendants in support of their motion for summary judgment, provides that "[t]his note shall be deemed to have been executed in . . . Connecticut and shall be construed according to the statutory and decisional laws of . . . Connecticut" and that the "[m]aker expressly and without exception unconditionally consents to the jurisdiction of the Connecticut Superior Court . . . in the event the holder commences any legal action to enforce the performance of this Note." The copy of the guaranty agreement provides that "[t]his agreement shall be construed in accordance with and governed by the internal laws of . . . Connecticut." The copy of the security agreement states that "the execution of this CT Page 7047 security agreement and performance of debtor's obligations hereunder shall be deemed to have a Connecticut status and debtor shall be subject to the personal jurisdiction of the courts of Connecticut with respect to any action secured party may commence hereunder." (Emphasis in original.) The security agreement further states that "[t]his agreement is made, executed and delivered in the State of Connecticut, and it is the specific desire and intention of the parties that it shall in all respects be construed under the laws of the State of Connecticut . . . ." (Emphasis in original.)
Harrison's affidavit establishes that the original promissory note was executed between the defendant Connecticut corporation, doing business "primarily" in Connecticut, and K.L.C. Corp., also a Connecticut corporation. The promissory note, guaranty agreement, and security agreement each state that Connecticut law is to govern any legal action brought in regards to their terms and that the defendants are subject to the jurisdiction of the Connecticut superior court. The only contacts between the defendants and the state of Illinois, as evidenced by Harrison's affidavit, were 1) the forwarding of loan installment payments by the defendants to the plaintiff in Illinois and 2) the phone call made by Harrison to the collections agent of the plaintiff in order to work out a payment arrangement for the note, which was in arrears. As stated above, the requisite "minimum contacts" exist where a party "`purposefully avails himself of the privilege of conducting activities within the forum state.'" Dehmlow v.Austin Fireworks, supra, 963 F.2d 946, quoting Hanson v.Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958). In the opinion of this court the defendants did not purposefully avail themselves of the benefits and privileges of conducting activities in Illinois and they should not reasonably have anticipated that they would be haled into court there, but instead that their dealings with the plaintiff Illinois corporation were merely incidental to the sale of the promissory note, security agreement, and guaranty agreement by K.L.C. Corp. to the plaintiff. The plaintiff's unilateral action of purchasing the note, guaranty agreement, and security agreement should not automatically subject the defendants to the jurisdiction of the Illinois courts. SeeDehmlow v. Austin Fireworks, supra, 963 F.2d 946. In addition, the undisputed facts presented to this court establish that it would not be "fair, just, and reasonable" to require the defendants to defend in an Illinois court. See Rollins v.CT Page 7048Ellwood, supra, 565 N.E.2d 1316. Further the balance of "`[t]he burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief'" tilts in the defendants' favor. See Asahi Metal Industry Co.v. Superior Court of California, supra, 480 U.S. 113, quotingWorld Wide Volkswagen v. Woodson, supra, 44 U.S. 292.
Accordingly, viewing the evidence submitted in the light most favorable to the plaintiff, the court finds that the defendants have set forth sufficient evidence to establish that the activities of the defendants in relation to Illinois do not amount to the requisite "minimum contacts" required by the due process clause and that, consequently, that court acted without jurisdiction over the defendants and because the Illinois court acted without jurisdiction over the defendants, the judgment of the Illinois court should not be enforced by this court. Accordingly, the defendants' motion for summary judgment as to the plaintiff's complaint is granted.
Hale, State Trial Referee