## STATE OF CONNECTICUT *v.* RODNEY HOBSON
### (AC 21207)

Lavery, C. J., and Dranginis and Dupont, Js.

Argued October 26, 2001—officially released February 5, 2002

*Neal Cone,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Eugene Calistro,* assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Rodney Hobson, appeals from the judgment of the trial court, following a hearing, revoking his probation and reimposing the remainder of his sentence. On appeal, the defendant claims that the court deprived him of his federal and state constitutional rights (1) to be heard when it precluded him from testifying on his behalf,[1] and (2) to due process and assistance of counsel when it issued its decision without the benefit of closing argument by defense counsel. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. On May 27, 1998, the defendant was sentenced to three years in prison, execution suspended after one year, and three years probation for possession of narcotics in violation of General Statutes § 21a-279 (a). As a condition of his release, the defendant was required to report to a probation officer. The department of correction sent a letter to the defendant at 84 Hazel Street in New Haven, directing him to report to a probation officer on May 10, 1999. When the defendant, however, failed to appear on May 10, 1999, a second letter was sent to him at 84 Hazel Street, order-

---

[1] The defendant's claim is to be distinguished from a claim that the court did not affirmatively offer him an opportunity to address the court personally before it imposed a sentence in the dispositional phase of the probation revocation hearing. See *State* v. *Hedman,* 62 Conn. App. 403, 404, 772 A.2d 603, cert. granted, 256 Conn. 909, 772 A.2d 602 (2001).

ing him to report to probation on June 7, 1999. The defendant again failed to appear on the scheduled date.

On July 1, 1999, New Haven police officers, pursuant to a warrant that was based on allegations of drug dealing, conducted a search of 84 Hazel Street. The police officers discovered the defendant in a bedroom on the second floor of the house. The police officers noticed, within their plain view, that there were several bags used for packaging crack cocaine near the bed and also a glass plate with a white powder on it that field tested positive for cocaine. The defendant subsequently was arrested.

A probation violation hearing ensued, and after finding that the defendant violated a condition of his probation, the court revoked his probation and reimposed his original sentence. This appeal followed. Additional facts will be set forth where pertinent to the issue raised.

I

The defendant first claims that the court deprived him of his federal[2] and state[3] constitutional rights to be heard when it rejected his request to testify on his behalf. We are not persuaded.[4]

The following additional facts are relevant to our resolution of the defendant's claim. Toward the end of the hearing, the defendant sought to present a witness, who was not under subpoena, to testify about whether

[2] The defendant invokes his fourteenth amendment right to due process and his sixth amendment right to testify on his behalf.

[3] The defendant's state constitutional claim is rooted in article first, § 8, of the constitution of Connecticut, which provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . . No person shall be . . . deprived of . . . liberty . . . without due process of law . . . ."

[4] The state argues that we should decline to review the defendant's claim because it is unpreserved and the record is inadequate for review. Regardless of whether the defendant properly invoked his right to testify, we find that his claim is before this court adequately.

the defendant actually resided at 84 Hazel Street. When the witness could not be located, the court asked defense counsel, "What else do you have?" Defense counsel responded, "That's probably it." After hearing the state's position about the witness, which was that the testimony of the witness would not "change anything," the court again asked whether the defendant had anything further. Defense counsel stated, "I have nothing further, Your Honor." The defendant himself then asked, "May I say something, Your Honor?" The court replied, "I'm going to give you a chance because I'm going to make a finding at this stage that there has been a violation of probation and that based on what I've heard, continued probation would not be in your best interest or the interest of the state of Connecticut. I will hear you, though, now on the issue of time, at this time. All right."

Defense counsel then requested a brief break. The court stated, "Sure. I should add that not only have I found the evidence fair and convincing, I found the evidence to the violation to be overwhelming in this particular case. I just wanted to say, just so you understand, that I didn't give you the time to go look for your prospective witness, but it is not out of—if I thought there was some relevance or based on the offer of proof, if I thought there was something that would be of assistance to the court in this particular matter, I would have deferred to you and given you the opportunity to do so. So, at this time, I want you to know that I'm not pushing you on this. Okay." Defense counsel answered, "That's understood, Your Honor." The court then asked, "Does your client wish to say anything prior to sentencing?" Defense counsel responded, "I don't believe so, Your Honor."

The defendant contends that his statement to the court, "May I say something, Your Honor," was an invocation of his right to be heard and that the court denied

him that constitutional right when it decided, without the benefit of his testimony, that the defendant had violated the terms of his probation. As this due process claim raises a question of law, it is thus subject to our de novo review. See *State* v. *Holmes*, 257 Conn. 248, 252, 777 A.2d 627 (2001).

"The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution. It is one of the rights that are essential to due process of law in a fair adversary process. . . . The necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without due process of law include a right to be heard and to offer testimony . . . . The right to testify is also found in the Compulsory Process Clause of the Sixth Amendment, which grants a defendant the right to call witnesses in his favor . . . . Logically included . . . is a right to testify himself. . . . The opportunity to testify is also a necessary corollary to the Fifth Amendment's guarantee against compelled testimony. . . . A defendant's right to testify is also protected by his rights to a fair trial, to due process, to present a defense, and to be free from compelled testimony under article XVII of the amendments to the Connecticut constitution and under article first, § 8, of the Connecticut constitution." (Citations omitted; internal quotation marks omitted.) *State* v. *Shinn*, 47 Conn. App. 401, 410, 704 A.2d 816 (1997), cert. denied, 244 Conn. 913, 914, 713 A.2d 832, 833 (1998). Although a defendant in a probation revocation hearing is not entitled to the full panoply of due process rights afforded to defendants in criminal prosecutions, due process, nonetheless, mandates that a defendant in a probation revocation hearing possesses the right to be heard in person and thus to testify on one's behalf. See *State* v. *Davis*, 229 Conn. 285, 294–95, 641 A.2d 370 (1994).

Although a defendant has the right to testify on his or her behalf, that privilege is not triggered unless he or she takes "some affirmative action regarding his right to testify." *Ostolaza* v. *Warden*, 26 Conn. App. 758, 763, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992). A trial court is not required to canvass a defendant regarding whether he or she desires to testify. *State* v. *Paradise*, 213 Conn. 388, 404–405, 567 A.2d 1221 (1990). "The accused must act affirmatively. While the due process clause of the Fifth Amendment may be understood to grant the accused the right to testify, the if and when of whether the accused will testify is primarily a matter of trial strategy to be decided between the defendant and his attorney." (Internal quotation marks omitted.) Id.[5] Accordingly, we must determine whether, under the circumstances of this case, the defendant's actions constituted an affirmative invocation of his right to testify on his behalf. See *State* v. *Jennings*, 20 Conn. App. 721, 725, 570 A.2d 234, cert. denied, 215 Conn. 801, 574 A.2d 218 (1990).

After thoroughly reviewing the record and transcript, we conclude that the defendant did not engage in affirmative actions invoking his right to testify on his behalf. Under the circumstances that it was uttered, the defendant's statement, "May I say something, Your Honor," did not evince his intent to testify or serve to notify the court of his alleged intention. The defendant asked to

---

[5] The defendant in *Paradise* claimed that the trial court improperly failed to "ascertain, on the record, whether he had made a knowing, voluntary and intelligent waiver of his right to testify on his own behalf" in violation of his due process rights. *State* v. *Paradise*, supra, 213 Conn. 404. Although the present issue slightly differs from that before our Supreme Court in *Paradise*, the principles are applicable to and dispositive of our resolution of the defendant's claim. Central to the ultimate holding in *Paradise* was our Supreme Court's initial conclusion that a defendant must take affirmative action to invoke the due process right to testify on his or her behalf. Similarly, in this case, for the defendant to prevail, the record must demonstrate that he in fact took affirmative efforts indicating his intent to testify on his behalf.

"say something" to the court after his counsel was unable to locate a witness. The defendant could have sought to address the court for any number of reasons, none of which involved or implicated his intent to testify.

Moreover, after finding liability, but prior to sentencing, the court gave the defendant the opportunity to speak. The defendant, however, declined to do so. The responses by the court and by defense counsel after the defendant requested to "say something" additionally demonstrate that both were unaware that the defendant sought to testify. We further note that at the conclusion of the hearing, the defendant did not make a motion to open the case to present additional evidence, nor did he file a motion for a new hearing, nor does he now claim that his trial counsel failed to explain the available options or ignored his wish to testify. See id., 724–25.

Nothing in the record supports the defendant's claim that his phrase, "May I say something, Your Honor," was an invocation of his right to testify on his behalf. We conclude that the defendant was not deprived of his due process rights under either the federal or state constitution.

II

The defendant next claims that the court deprived him of his federal and state constitutional rights to due process and effective assistance of counsel when it found that he violated a condition of his probation without the benefit of closing argument by defense counsel. That claim arises out of the absence of closing argument at the conclusion of the proceedings. During the proceedings, neither the defendant nor the state sought to present closing argument. The defendant concedes that his claim is unpreserved because he failed to raise it before the trial court. Thus, he seeks review pursuant to either *State* v. *Golding*, 213 Conn. 233, 239–40, 567

A.2d 823 (1989), or the plain error doctrine.[6] We are not persuaded.

Under *Golding,* "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id. "In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v. *Silva,* 65 Conn. App. 234, 240, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). As the defendant fails to satisfy prong three of *Golding,* namely that a constitutional violation clearly exists and clearly deprived him of a fair trial, he cannot prevail on his claim.[7]

"The opportunity for the defense to make a closing argument in a criminal trial has been held to be a basic element of the adversary process and, therefore, constitutionally protected under the sixth and fourteenth amendments. . . . Closing argument is an integral part of any criminal trial, for it is in this phase that the issues

___

[6] Pursuant to Practice Book § 60-5, "[t]he court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[7] The state additionally asserts that the defendant's claim must fail because he implicitly waived his right to present closing argument. Because we conclude that the defendant's argument fails to meet the *Golding* requirements and those of plain error review, we need not determine whether the claim also fails on the basis of waiver.

48

are sharpened and clarified for the jury and each party may present his theory of the case. . . . The right to present a closing argument is abridged not only when a defendant is completely denied an opportunity to argue before the court or the jury after all the evidence has been admitted, but also when a defendant is deprived of the opportunity to raise a significant issue that is reasonably inferable from the facts in evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Arline*, 223 Conn. 52, 63–64, 612 A.2d 755 (1992).

"Both the Connecticut and the United States constitutions protect a defendant's right to voice closing arguments before the trier of fact. The sixth amendment guarantee in the federal constitution of the right to assistance of counsel has been held to include the right to present closing arguments. . . . If the trial court denies the defendant an opportunity to give closing arguments, the reviewing court should grant a new trial." (Citations omitted; internal quotation marks omitted.) *State* v. *Finley*, 34 Conn. App. 823, 831–32, 644 A.2d 371, cert. denied, 231 Conn. 927, 648 A.2d 880 (1994).

A probation revocation hearing "does not require all of the procedural components associated with an adversarial criminal proceeding." (Internal quotation marks omitted.) *State* v. *Davis*, supra, 229 Conn. 295. Minimum due process requirements, however, entitle a defendant in a probation revocation hearing to the right to present closing argument. See *State* v. *Baxter*, 19 Conn. App. 304, 311, 563 A.2d 721 (1989) (minimum due process requirements for probation revocation proceedings "include . . . the opportunity to be heard in person and to present witnesses and documentary evidence, [and] the right to confront and cross-examine adverse witnesses in most instances").

In essence, the defendant contends that his due process rights to assistance of counsel were violated

because it is incumbent upon a court, prior to rendering a decision in a probation revocation hearing, to specifically inquire of the parties whether they desire to make a closing argument regardless of whether the parties expressed any intention to do so. We conclude that in a probation revocation hearing, a court is not required to canvass the parties about whether they want to present closing arguments. Moreover, after thoroughly reviewing the record and transcript, we conclude that the defendant was not deprived of the opportunity to present closing argument, nor did the lack of closing argument deny him a fair trial.

To support his proposition, the defendant cites to several cases in which the trial court denied a request to present closing argument.[8] The cases that the defendant relies on, however, do not pertain to this case. This was not a situation in which the court denied or deprived the defendant of the opportunity to present closing arguments. The defendant had the right to present closing argument, which he alone chose not to exercise.

As previously stated, neither party here sought to present closing argument. In fact, neither party raised that issue or objected to the absence of closing arguments during the hearing. The court afforded several opportunities for the defendant to request or to present closing argument. At the close of the evidence, the court asked the defendant whether he had anything further. The defendant's counsel responded, "I have nothing further, Your Honor." After finding that the defendant violated a condition of his probation but prior to sentencing, the court again asked both parties whether they had anything further to say. Defense counsel responded, "I just would remind [the court] that my

---

[8] The defendant relies on several federal cases and cases from our sister states. The defendant, however, fails to provide us with any cases that have a factual scenario resembling the present situation.

client indicates that he believes that the computer record is an error. He doesn't believe [he has] ever had an actual conviction for sale. He believes he has for possession. The exposure is two years, Your Honor; we certainly understand that. I guess all I would say is, we ask for whatever mercy the court could find to give the matter." The defendant did not file a motion for a new hearing based on the grounds claimed in this appeal.

The court did not announce its finding that the defendant violated a condition of his probation until after all of the evidence was presented. There is nothing in the record or transcript to suggest that in rendering its decision the court deprived the defendant of a fair trial or assistance of counsel. Moreover, we decline to impose a rule, as the defendant seems to suggest, that the very absence of closing argument at a probation revocation hearing per se deprives a defendant of the constitutional rights to assistance of counsel and to a fair trial. See *State* v. *Finley*, supra, 34 Conn. App. 832–33 (declining to adopt per se rule that court's announcement of finding after all evidence presented but prior to closing arguments constitutes constitutional violation); *State* v. *Plaskonka*, 22 Conn. App. 207, 211–12, 577 A.2d 729 (holding that defendant's due process right to present closing argument not violated when trial court announced findings before hearing closing argument), cert. denied, 216 Conn. 812, 580 A.2d 65 (1990).

Given that a probation revocation hearing is a less formal proceeding than a criminal trial, and that the defendant failed to present closing argument on the basis of his prerogative and not due to any action or denial by the court, we conclude that a constitutional violation did not occur and that the defendant was not deprived of a fair trial. Accordingly, the defendant fails to satisfy prong three of *Golding* and cannot prevail on his claim. We also conclude that this situation does not

invoke any exceptional circumstances warranting plain error review.

The judgment is affirmed.

In this opinion the other judges concurred.