STATE OF CONNECTICUT *v.* CURTIS EASTON
(AC 28652)

Bishop, Robinson and Mihalakos, Js.

Argued September 22—officially released December 9, 2008

*Sarah F. Summons*, special public defender, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michael A. DeJoseph*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Curtis Easton, appeals from the judgment of the trial court, rendered following a hearing, revoking his probation pursuant to General Statutes § 53a-32 and imposing the remainder of his sentence. On appeal, the defendant claims that the chronology of his proceedings violated his due process rights because he was denied his sixth amendment right to present a defense by having to invoke his fifth amendment right against self-incrimination. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. In December, 2002, the defendant pleaded guilty to assault in the first degree and received a sentence of twelve years incarceration, execution suspended after forty-two months, with five years probation. On May 23, 2005, the defendant signed the conditions of probation, which included a general condition: "Do not violate any criminal law of the United States, this state, or any other state or territory." The defendant was released from prison and commenced his probation on June 24, 2005. On July 19, 2005, twenty-five days after his release, the defendant was arrested for driving with a suspended license. A police officer conducted an inventory search of the motor vehicle

that the defendant was driving and found 66.2 grams of marijuana in the trunk. The defendant was charged with possession of less than four ounces of marijuana, possession of marijuana within 1500 feet of a school, two counts of possession of marijuana with intent to sell, two counts of possession of marijuana with intent to sell within 1500 feet of a school and multiple motor vehicle infractions.

As a result of this arrest, the judicial branch's adult probation and bail services unit prepared a warrant for the defendant's arrest for a violation of probation, pursuant to § 53a-32. On January 12, 2007, the court, *Bellis, J.*, held two hearings, a violation of probation hearing followed by a hearing on a motion for suspension of prosecution and order of treatment for alcohol and drug dependency, referred to as a CADAC hearing.[1] See General Statutes § 17a-695. The CADAC hearing was to determine if the defendant was drug-dependent such that prosecution on the underlying charges should be suspended and treatment ordered. At the probation revocation hearing, the court found that the defendant had violated the general condition of his probation and that he was not amenable to further probation, and ordered him to serve the remaining eight and one-half years of his sentence. Immediately following the probation hearing, the court held the CADAC hearing and found that the defendant was not drug-dependent and, therefore, denied his CADAC motion. This appeal followed.

On appeal, the defendant argues that his constitutional right to due process was violated when he was forced to make an election between his sixth amendment right to present a defense and his fifth amendment right to refrain from compulsory self-incrimination in

---

[1] The Connecticut alcohol and drug abuse commission (CADAC) was replaced by the department of mental health and addiction services in 1993.

his other pending matters. Specifically, the defendant claims that by holding the probation and drug dependency hearings before a trial on the pending criminal charges, he was prevented from testifying and presenting a defense of his drug dependency, in violation of his sixth amendment right, and that instead he had to invoke his fifth amendment right to remain silent so as not to incriminate himself in his other pending matters. The defendant argues that his only option was not to testify regarding his drug dependency for fear that it would be used against him in his other pending matters, and, therefore, he was unable to present a defense and to refute the state's evidence. The defendant, however, did exercise his right of allocution in the sentencing portion of his probation hearing and advised the court that he was using drugs on the day of his arrest.

We first set forth our standard of review. "Whether the defendant was deprived of his due process rights is a question of law, to which we grant plenary review." *State* v. *T.R.D.*, 286 Conn. 191, 210, 942 A.2d 1000 (2008).

The sixth amendment right to present a defense is not at odds with the fifth amendment right against self-incrimination. *State* v. *Crawford*, 38 Conn. Sup. 472, 475, 451 A.2d 583 (1982). So long as the defendant is neither forced to exercise nor prevented from exercising his right to testify, the right to present a defense is not burdened by the strategic choice or resulting adverse consequences. *State* v. *Perkins*, 271 Conn. 218, 236, 856 A.2d 917 (2004). "The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution. It is one of the rights that are essential to due process of law in a fair adversary process. . . . Although a defendant in a probation revocation hearing is not entitled to the full panoply of due process rights afforded to defendants in criminal prosecutions, due process, nonetheless, mandates that

a defendant in a probation revocation hearing possesses the right to be heard in person and thus to testify on one's behalf." (Citations omitted; internal quotation marks omitted.) *State* v. *Hobson*, 68 Conn. App. 40, 44, 789 A.2d 557, cert. denied, 260 Conn. 910, 796 A.2d 557 (2002).

"The criminal process, [however] like the rest of the legal system, is replete with situations requiring the making of difficult judgments as to which course to follow." (Internal quotation marks omitted.) *McGautha* v. *California*, 402 U.S. 183, 213, 91 S. Ct. 1454, 28 L. Ed. 2d 711 (1971), vacated on other grounds and remanded for further proceedings sub nom. *Crampton* v. *Ohio*, 408 U.S. 941, 92 S. Ct. 2873, 33 L. Ed. 2d 765 (1972). "While the due process clause of the Fifth Amendment may be understood to grant the accused the right to testify, the if and when of whether the accused will testify is primarily a matter of trial strategy to be decided between the defendant and his attorney." (Internal quotation marks omitted.) *State* v. *Hobson*, supra, 68 Conn. App. 45. "[I]t is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify." *McGautha* v. *California*, supra, 215.

Furthermore, the defendant has presented no authority to show that the court is legally required to schedule its proceedings in a specific order. In fact, the law holds contrary to the defendant's argument because there is no requirement that entitles the defendant to choose the order of his proceedings. See *Roberson* v. *Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974) (revocation proceeding stayed until other charges tried solely to protect probationer but not required by law); *Payne* v. *Robinson*, 10 Conn. App. 395, 403, 523 A.2d 917 (1987) (petitioner urged probation proceeding be stayed until disposition in other matter, but law does not require

court to do so), aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988).

Accordingly, the defendant was not deprived of his due process rights. "The fact that an accused is confronted with the prospective waiver of one constitutional right in order to preserve the integrity of another constitutional right does not necessarily create a conflict that is in itself unconstitutional." *State* v. *Crawford*, supra, 38 Conn. Sup. 475. In the present matter, the defendant simply was informed of his fifth amendment right against self-incrimination, and after conferring with his attorney and weighing his options, he chose not to present a defense as to his drug dependency but rather to exercise his right of allocution. The fact that the defendant had to make a difficult choice between two constitutional rights does not deprive him of due process.

The judgment is affirmed.