STATE OF CONNECTICUT *v.* KIRBY L. BARNES
(AC 29244)

Harper, Beach and Robinson, Js.

Argued January 5—officially released July 28, 2009

*Christopher Y. Duby,* special public defender, for the appellant (defendant).

*Robin S. Schwartz,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, *James R. Turcotte,* supervisory assistant state's attorney, and *Seth R. Garbarsky,* assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Kirby L. Barnes, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that the court violated his constitutional right to due process by failing to state specifically the basis of its conclusion that his probationary status should be revoked. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On July 12, 2002, the defendant was sentenced to three years imprisonment, execution suspended, and three years probation after being found guilty of the sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). On April 14, 2004, the defendant was charged with, and subsequently convicted of, a violation of probation for operating a motor vehicle while his driver's license was under suspension. He did not serve time in jail as a result of this violation of probation; however, he did receive a one year extension of the probation period stemming from his original conviction. On December 30, 2005, within the extended probationary period, the defendant was arrested on a charge of possession of narcotics with

intent to sell. Thereafter, the defendant was charged with a second violation of probation pursuant to § 53a-32.

The violation of probation hearing was conducted on March 12, 2007. Following the presentation of evidence and the closing of arguments, the court found that the state had sustained its burden of proof to establish the violation of probation. Thereafter, the court revoked the defendant's probation and committed him to the custody of the commissioner of correction to serve the remaining three years of his previously suspended sentence of incarceration. This appeal followed.

The defendant's only claim on appeal is that he has been denied his constitutional right to due process because the court failed to conduct the dispositional stage of the revocation of probation proceeding. He acknowledges that this claim was not preserved properly; however, he seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5.

"Under *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Citation omitted; emphasis in original; internal quotation

marks omitted.) *State* v. *Hobson*, 68 Conn. App. 40, 47, 789 A.2d 557, cert. denied, 260 Conn. 910, 796 A.2d 557 (2002).

On appeal, the defendant claims that he was denied due process at his revocation of probation hearing. "Probation revocation proceedings fall within the protections guaranteed by the due process clause of the fourteenth amendment to the federal constitution. . . . That clause provides in relevant part: [N]or shall any State deprive any person of life, liberty or property, without due process of law . . . . U.S. Const., amend. XIV, § 1. Probation itself is a conditional liberty and a privilege that, once granted, is a constitutionally protected interest. . . . The revocation proceeding must comport with the basic requirements of due process because termination of that privilege results in a loss of liberty. . . . [T]he minimum due process requirements for revocation of [probation] include written notice of the claimed [probation] violation, disclosure to the [probationer] of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses in most instances, a neutral hearing body, and a written statement as to the evidence for and reasons for [probation] violation. . . . Despite that panoply of requirements, a probation revocation hearing does not require all of the procedural components associated with an adversarial criminal proceeding." (Internal quotation marks omitted.) *State* v. *Lachowicz*, 79 Conn. App. 199, 207, 829 A.2d 874, cert. denied, 266 Conn. 921, 835 A.2d 61 (2003).

The crux of the defendant's argument on appeal is that article first, § 8, of the constitution of Connecticut has been interpreted by case law to require a revocation proceeding to be bifurcated into two distinct phases with the court making specific findings in support of

its conclusion in each stage.[1] He does not contest the conclusions of the court; rather, he maintains that in the absence of a specific finding in each phase, the revocation proceeding did not comport with the basic requirements of due process. The claim is reviewable under *Golding* because the record is adequate and the defendant's claim is of constitutional magnitude. On review of the record, however, we find that the defendant fails to satisfy the third prong of *Golding*. A constitutional violation does not clearly exist because the defendant was not deprived of due process during the course of the revocation proceeding. Likewise, we also conclude that the claimed error does not warrant plain error review. Practice Book § 60-5.

Our Supreme Court has "recognized that revocation of probation hearings, pursuant to § 53a-32, are comprised of two distinct phases, each with a distinct purpose. . . . In the evidentiary phase, [a] factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. . . . In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 375–76, 944 A.2d 276 (2008). "[T]he ultimate question [in this phase is] whether the

---

[1] The defendant argues that the constitution of Connecticut affords greater due process rights than those provided under the United States constitution. Specifically, the defendant argues that Connecticut jurisprudence provides a right to counsel at a probation violation proceeding whereas this right has not been extended, as a per se rule, by the United States Supreme Court. This discrepancy has no bearing on the issue currently on appeal. The defendant has not provided any authority to establish that the state constitution affords higher protections than its federal counterpart as it relates to the particular claim before the court. As this argument is inadequately briefed, it is deemed abandoned. See *State* v. *Clark*, 255 Conn. 268, 281 n.30, 764 A.2d 1251 (2001).

probationer is still a good risk . . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Internal quotation marks omitted.) Id., 377.

Our review of the record reveals that the defendant was accorded a proper hearing that comported with the minimum requirements of due process. During the evidentiary stage of the proceeding, the state presented the testimony of five witnesses and entered six exhibits into evidence. The defendant rested his case without presenting evidence or testimony. The court heard closing arguments from both parties and then concluded that "the state has made out [its] case for a violation of probation." The finding that a violation of probation had occurred concluded the evidentiary stage of the proceeding.

After fully canvassing the defendant on his choice not to testify, the court then indicated that it wanted to proceed to the sentencing stage and inquired as to whether either party wanted to comment. Counsel for the defendant had no objection. The court then made the following statement regarding its conclusion in the dispositional stage of the proceeding: "With regard to the sentencing, I feel this way. He was already violated once, and, at that time, he really dodged a bullet because he didn't get any sentence for the violation of probation. Now that he's violated twice, I think that he should keep faith with what he promised in the first place; he promised that if he were given a suspended sentence of three years, with a period of probation, he would get through the probation so he would never have to do the three years. He is unable, apparently, and certainly has not by a fair preponderance of the evidence, kept that bargain."

Although a clear statement from the court regarding the specific basis for its conclusion to revoke probation would simplify our review of this claim because it would provide a clear indication of the dispositional phase, the failure to state explicit findings of fact does not undermine the court's conclusion if the record clearly supports the reasonableness of the conclusion. As this court has previously stated: "[A] court [does] not abuse its discretion by failing to articulate the specific reasons on which the revocation of probation was based. As long as the ultimate findings of the court, that there was a violation of a condition of probation and that probation should have been revoked, were reasonable . . . the court need not have made specific subsidiary findings of fact." (Internal quotation marks omitted.) *State* v. *Lachowicz*, supra, 79 Conn. App. 209; see also *State* v. *Baxter*, 19 Conn. App. 304, 321, 563 A.2d 721 (1989) (upholding trial court's judgment revoking probation that was based on implicit finding that beneficial purposes of probation no longer being served even though court did not make specific findings).[2]

On appeal, the defendant does not contest the court's decision to revoke his probation; rather, he focuses

[2] The defendant maintains that this court's analysis in *Lachowicz* supports, rather than undermines his argument that a dispositional phase did not occur during his revocation proceeding. He argues that his case is distinguishable from *Lachowicz* because the trial court in *Lachowicz* conducted a dispositional phase but "did not sufficiently state its reasons for finding that a violation had occurred." As the determination of whether a violation has occurred is made during the evidentiary phase, the defendant's argument is based on a misreading of this authority. In *Lachowicz*, the defendant's argument before this court was that "the court did not follow proper procedure for finding a violation of probation because it did not state with specificity its rationale for the revocation of his probationary status." *State* v. *Lachowicz*, supra, 79 Conn. App. 207. Therefore, similar to the issue raised in the present appeal, the defendant's argument in *Lachowicz* addressed the situation when the court determines "whether probation should be revoked because the beneficial aspects of probation are no longer being served"; (internal quotation marks omitted) *State* v. *Preston*, supra, 286 Conn. 376; but does not make an explicit finding in support of this determination.

his argument on the court's failure to make subsidiary findings of fact regarding its consideration of whether the beneficial aspects of probation are no longer being served. As a review of the pertinent authority illustrates that a court's failure to make specific findings regarding the rationale underlying its decision to revoke probation does not, in and of itself, signify the absence of the dispositional phase, the defendant's claim is without merit. Here, the court concluded that a violation of probation had occurred and that the probation should be revoked;[3] therefore, it made a determination in both phases of the proceeding. Accordingly, the revocation of probation proceeding comported with the requirements of due process.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] As was the case in *Baxter*, the court's decision to revoke probation was premised on implicit findings derived from the record. Specifically, in reaching its conclusion in the dispositional phase, the court noted that this was the second violation of probation that the defendant had committed. Furthermore, the defendant's second violation was for the same conduct underlying his original conviction.