STATE OF CONNECTICUT *v.* ANWAR SHAKIR
(AC 31931)

Alvord, Espinosa and Schaller, Js.

---

Argued April 21—officially released August 2, 2011

*Laljeebhai R. Patel,* special public defender, for the appellant (defendant).

*Bruce R. Lockwood,* senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor,* state's attorney, and *Charles M. Stango,* senior assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Anwar Shakir, appeals from the judgment of the trial court revoking his probation and imposing a two year sentence of incarceration. On appeal, the defendant claims that the court (1) improperly admitted videotape testimony into evidence, (2) violated his due process right to confront and cross-examine a witness, (3) improperly found a violation of probation with insufficient evidence and (4) abused its discretion in revoking his probation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On September 24, 2007, the defendant was sentenced to three years incarceration, execution suspended, with three years of probation for sale of narcotics in violation of General Statutes § 21a-277 (b). The terms of the defendant's probation included the condition that he not violate any criminal law.

On February 6, 2009, during the defendant's period of probation, he was arrested in Derby and charged

with two counts each of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[1] and risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[2] He was charged subsequently with a violation of probation based on the allegations underlying his 2009 arrest. The court held a revocation of probation hearing on October 2 and 7, 2009.

During the first day, the state called the defendant's probation officer, who obtained the warrant for the defendant's arrest upon being informed of the felony sex assault charges filed against the defendant. Additionally, Detective Charles M. Stankye III, who investigated the complaint, testified that the police department's protocol is to schedule immediately a forensic interview by a licensed clinical social worker with the minor complainant upon being notified of an alleged sexual assault. He testified that this system prevents minor complainants from having to repeat their recollection of the events and that "clinical social workers are very adept at speaking at ease and getting the children victims at ease to get disclosures and the facts of the case." In the present case, the social worker conducted the interview while being videotaped, during which Stankye, another police officer and an employee

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . except that, if the violation is of subdivision (2) of this subsection and the victim of the offense is under thirteen years of age, such person shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

of the sexual abuse clinic observed behind a "two-way mirror."[3] The minor complainant's mother was not present at the interview.

The defendant objected to the state's offering of the fifty minute video of this interview (video) as an exhibit, arguing that it was inadmissible hearsay evidence without any indicia of reliability. The state claimed that the testimony on the video constituted reliable hearsay sufficient for the less rigid evidentiary standard in violation of probation hearings because, inter alia, the minor complainant was not told what to say, she identified the defendant, her mother was not allowed to be present at the interview, and the questioning was performed by a licensed clinical social worker trained to conduct such interviews.[4] The court allowed the video to be entered as evidence, acknowledging that the strict admissibility rules do not apply during violation of probation hearings and stating that it would "allow it for what it is, the victim's statement of the complaint." Stankye also testified that a physician examined the minor complainant and produced a medical record showing that the minor complainant tested positive for chlamydia. This report was entered into evidence.

In its written decision, the court concluded by a preponderance of the evidence that the defendant violated a law by engaging in inappropriate sexual contact with a minor and exposing a minor to pornography, relying on "the medical examination of the minor victim in which she was diagnosed with a sexually transmitted disease and the videotaped statement of the victim in

---

[3] Stankye stated that "[t]he interviewer . . . and the child victim are in a separate room. [The officers and employee viewing the interview] are in a room that is . . . behind a two-way mirror. [The people observing] can see in. The interviewer and the victim cannot see out."

[4] Specifically, the state noted that the licensed clinical social worker is trained to elicit "what happened, not what the police think happened, and not what [the state] think[s] happened . . . ."

which she described her sexual assault by the defendant while viewing a sexually explicit video." The court acknowledged that there were inconsistencies in the minor complainant's statement but concluded that it was reliable and probative given the surrounding circumstances. The court revoked the defendant's probation and sentenced him to two years incarceration. This appeal followed.

As a preliminary matter, we set forth the legal principles and the standard of review pertinent to our discussion. "Our Supreme Court has recognized that revocation of probation hearings, pursuant to [General Statutes] § 53a-32, [comprise] two distinct phases, each with a distinct purpose. . . . In the evidentiary phase, [a] factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. . . . In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . [T]he ultimate question [in this phase is] whether the probationer is still a good risk . . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Internal quotation marks omitted.) *State* v. *Crosby*, 125 Conn. App. 775, 779–80, 9 A.3d 794 (2011).

"Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004). "In making its factual determination [of whether a condition of probation has been violated] the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly

erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. . . .

"The standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *State* v. *Hill*, 256 Conn. 412, 425–26, 773 A.2d 931 (2001).

I

The defendant first argues that it was an abuse of discretion for the court to admit the video into evidence because it was hearsay evidence that "lacked the indicia of reliability." We disagree.

We note that "[i]t is well settled that probation proceedings are informal and that strict rules of evidence do not apply to them. . . . Hearsay evidence may be admitted in a probation revocation hearing if it is relevant, reliable and probative. . . . At the same time, [t]he process . . . is not so flexible as to be completely unrestrained; there must be some indication that the information presented to the court is responsible and has some minimal indicia of reliability." (Citation omitted; internal quotation marks omitted.) *State* v. *Lanagan*, 119 Conn. App. 53, 58, 986 A.2d 1113 (2010); see also Conn. Code Evid. § 1-1 (d) (4).

In this case, our review of the record does not support a conclusion that the court improperly admitted the video. The court explicitly stated that the video was "reliable and probative under all the surrounding circumstances." The court had before it Stankye's testimony that (1) the chain of custody for the video was intact, (2) the minor complainant was not influenced as to her answers and (3) as a matter of procedure, the police department required questioning to be performed by a licensed clinical social worker trained to conduct such interviews. Moreover, because strict admissibility rules do not apply; *State* v. *Quinones*, 92 Conn. App. 389, 392, 885 A.2d 227 (2005), cert. denied, 277 Conn. 904, 891 A.2d 4 (2006); and the trier of fact was the court, not a jury, it was within the court's discretion upon viewing the video to assess the reliability of the evidence in light of the circumstances reflected on the video. Thus, we cannot find that it was an abuse of discretion to allow the video into evidence.

## II

The defendant next claims that the court improperly admitted the video into evidence because doing so violated the defendant's right to due process under the fourteenth amendment to the United States constitution[5] by failing to accord him the right to confront and cross-examine an adverse witness. This claim was not preserved properly; however, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Because it fails to satisfy

[5] Although the defendant asserts that the court's actions violated both the state and federal constitutions, he has failed to provide the analysis required by *State* v. *Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992), that is a prerequisite to asserting an independent claim under the state constitution. See *Hogan* v. *Dept. of Children & Families*, 290 Conn. 545, 567–68, 964 A.2d 1213 (2009) (refusing to address state constitutional claim where plaintiff failed to provide *Geisler* analysis). We therefore limit our analysis to the defendant's claim under the federal constitution.

the first prong of *Golding,* we decline to review this claim.

"Under *Golding,* a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Hobson,* 68 Conn. App. 40, 47, 789 A.2d 557, cert. denied, 260 Conn. 910, 796 A.2d 557 (2002).

"Probation revocation proceedings fall within the protections guaranteed by the due process clause of the fourteenth amendment to the federal constitution. . . . That clause provides in relevant part: [N]or shall any State deprive any person of life, liberty or property, without due process of law . . . . U.S. Const., amend. XIV, § 1. Probation itself is a conditional liberty and a privilege that, once granted, is a constitutionally protected interest. . . . The revocation proceeding must comport with the basic requirements of due process because termination of that privilege results in a loss of liberty." (Internal quotation marks omitted.) *State* v. *Barnes,* 116 Conn. App. 76, 79, 974 A.2d 815, cert. denied, 293 Conn. 925, 980 A.2d 913 (2009).

The United States Supreme Court has outlined the requirements of due process in these types of hearings:[6] "(a) written notice of the claimed violations of [probation]; (b) disclosure to the [defendant] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation]." *Morrissey* v. *Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). "Despite that panoply of requirements, a probation revocation hearing does not require all of the procedural components associated with an adversarial criminal proceeding." (Internal quotation marks omitted.) *State* v. *Barnes*, supra, 116 Conn. App. 79.

The constitutional requirements recognized in *Morrissey* are codified in Federal Rule of Criminal Procedure 32.1, which provides that in a revocation hearing the defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear . . . ." Fed. R. Crim. P. 32.1 (b) (2) (C); see also Fed. R. Crim. P. 32.1, advisory committee notes to the 2002 amendments (explaining that in applying rule 32.1 [b] [2] [C], "[t]he court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it," and citing *Morrissey* v. *Brewer*, supra, 408 U.S. 489).

---

[6] In *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), the United States Supreme Court held that the due process requirements established for parole revocation were also applicable to probation revocation proceedings. See also *United States* v. *Jones*, 299 F.3d 103, 109 (2d Cir. 2002) (stating that constitutional guarantees are identical for revocation of parole, probation and supervised release).

Thus, the defendant's right to confront the witness is not absolute. Further, "[a] strict interpretation of the *Morrissey* standards runs contrary to the spirit of flexibility with which the Supreme Court promulgated the *Morrissey* and [*Gagnon* v. *Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)] due process requirements. . . . [D]ue process is flexible and calls for those procedural protections that the particular situation demands. . . . A revocation proceeding does not require all of the procedural components associated with an adversarial criminal proceeding." (Citations omitted; internal quotation marks omitted.) *State* v. *Baxter*, 19 Conn. App. 304, 312, 563 A.2d 721 (1989).

In considering whether the court had good cause for not allowing confrontation or "that the interest of justice [did] not require the witness to appear"; Fed. R. Crim. P. 32.1 (b) (2) (C); the court should "balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *United States* v. *Williams*, 443 F.3d 35, 45 (2d Cir. 2006); see also *United States* v. *Chin*, 224 F.3d 121, 124 (2d Cir. 2000). In the present case, the factual underpinnings for the minor complainant's not being produced to testify that might amount to good cause were not developed via evidence on the record demonstrating whether producing her would cause great difficulty, expense or risk of harm. Consequently, we conclude that the record is inadequate for our review under *Golding*.

### III

The defendant next claims that there was insufficient evidence to support the court's conclusion that he violated his probation. We disagree.

"A challenge to the sufficiency of the evidence is based on the court's factual findings. The proper standard of review is whether the court's findings were

clearly erroneous based on the evidence. . . . A court's finding of fact is clearly erroneous and its conclusions drawn from that finding lack sufficient evidence when there is no evidence in the record to support [the court's finding of fact] . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *State* v. *Oliphant*, 115 Conn. App. 542, 552, 973 A.2d 147, cert. denied, 293 Conn. 912, 978 A.2d 1113 (2009).

The record reveals sufficient evidence for the court reasonably to have found that the defendant violated his probation. The court relied on the video in which the minor complainant testified that she was assaulted by the defendant while watching a sexually explicit video, which the court specifically found to be reliable and probative, and the fact that the minor complainant was diagnosed with a sexually transmitted disease for which she identified the defendant as the source. "The weight to be given [to] the evidence and [to] the credibility of witnesses [is] solely within the determination of the trier of fact." (Internal quotation marks omitted.) *State* v. *Bostwick*, 52 Conn. App. 557, 561, 728 A.2d 10, appeal dismissed, 251 Conn. 117, 740 A.2d 381 (1999). The court performed its duty, and we will not usurp its function. See *State* v. *Campbell*, 61 Conn. App. 99, 103, 762 A.2d 12 (2000), cert. denied, 255 Conn. 934, 767 A.2d 105 (2001). We cannot conclude, in light of this record, that there was insufficient evidence to find that the defendant violated his probation.

IV

Finally, the defendant claims that the court abused its discretion in revoking his probation. "If a violation [of a condition of probation] is found, a court must next determine whether probation should be revoked

because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) *State* v. *Brunette,* 92 Conn. App. 440, 447, 886 A.2d 427 (2005), cert. denied, 277 Conn. 902, 891 A.2d 2 (2006). As a general matter, a trial court possesses, within statutorily prescribed limits, broad discretion in sentencing matters in revocation of probation hearings. See *State* v. *Mapp,* 118 Conn. App. 470, 478, 984 A.2d 108 (2009), cert. denied, 295 Conn. 903, 988 A.2d 879 (2010). On appeal, we will disturb a trial court's sentencing decision only if that discretion clearly has been abused. See *State* v. *Kelly,* 256 Conn. 23, 81, 770 A.2d 908 (2001).

The court stated that it was the "combination of the crime which [the defendant] has committed and [his] inability to complete probation satisfactorily . . . that make the sentencing determination in this case. [The defendant] is not entitled to the benefit of continued probation in this matter, in view of the finding [by a preponderance of the evidence] that he committed a felony . . . . [T]he court found there was some sexually inappropriate contact and exposure to pornography, occurring on at least one or more occasions, with the child, sufficient to violate probation." We conclude that the court's decision to revoke the defendant's probation, given a consideration of the whole record, was an appropriate exercise of judicial discretion. See *State* v. *McElveen,* 69 Conn. App. 202, 208, 797 A.2d 534 (2002).

The judgment is affirmed.

In this opinion the other judges concurred.