******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DESHAWN TYSON
(AC 40468)

Prescott, Bright and Harper, Js.

*Syllabus*

The defendant, who had been on probation in connection with his conviction of the crime of sexual assault in the first degree, appealed to this court from the judgment of the trial court revoking his probation and imposing a sentence of nine years of incarceration. He claimed that the trial court improperly admitted into evidence details of his prior criminal history and abused its discretion in revoking his probation and imposing the entire nine year period of incarceration remaining on his underlying sentence. *Held* that the trial court did not abuse its discretion in admitting into evidence details of the defendant's prior criminal history: it is well settled that probation proceedings are informal and that strict rules of evidence do not apply to such proceedings, and the factual details of the prior offenses committed by the defendant were plainly relevant to the court's discretionary determination of whether it should revoke the defendant's probation, impose a new sentence, or continue the defendant on probation; moreover, the trial court did not abuse its discretion in revoking the defendant's probation and imposing the remainder of the underlying sentence, that court having found that the defendant, while on probation, committed a sexual assault in the first degree, which was the same criminal behavior for which he was originally sentenced, and given the seriousness of the defendant's conduct and the risk he posed to the public, the court acted well within its discretion in concluding that the defendant was no longer amenable to probation and imposing the remainder of his original sentence.

Argued January 15–officially released February 19, 2019

*Procedural History*

Substitute information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Ansonia-Milford and tried to the court, *Markle, J.*; judgment revoking the defendant's probation, from which the defendant appealed to this court. *Affirmed.*

*Laila M.G. Haswell*, senior assistant public defender, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *Kevin D. Lawlor*, state's attorney, and, on the brief, *Cornelius P. Kelly*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, DeShawn Tyson, appeals from the judgment of the trial court revoking his probation and sentencing him to nine years of incarceration. See General Statutes § 53a-32. On appeal, the defendant claims that the trial court (1) improperly admitted into evidence details of his prior criminal history, and (2) abused its discretion in concluding that he was no longer amenable to probation and imposing the entire period of incarceration remaining on his underlying sentence. We disagree and, accordingly, affirm the judgment.

On January 24, 2006, the defendant pleaded guilty to sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The court subsequently sentenced him to eighteen years of incarceration, execution suspended after nine years, and ten years of probation. On March 1, 2013, the defendant was released from incarceration and began serving his probation.

On March 16, 2016, the defendant was arrested pursuant to a warrant charging him with violating his probation. Specifically, the state alleged that the defendant violated his probation by, among other things, committing a forcible sexual assault on May 6, 2014, on the victim at the Marriott Hotel in New Haven. Following a violation of probation hearing, the trial court found by a fair preponderance of the evidence that the defendant had committed a sexual assault in the first degree as alleged by the state and, thus, had violated one or more conditions of his probation. The court also concluded that the defendant posed a risk to the public and would not benefit from an additional period of probation. Accordingly, the court sentenced the defendant to the remaining nine years of incarceration imposed as part of his original sentence. This appeal followed.

The defendant's claims on appeal do not merit extensive discussion. With respect to his claim that the court improperly admitted evidence regarding the details of prior crimes he had committed, the defendant recognizes that "the Connecticut Code of Evidence does not apply to proceedings involving probation. Section 1-1 (d) (4) of the Connecticut Code of Evidence specifically provides: The Code, other than with respect to privileges, does not apply in proceedings such as, but not limited to the following . . . [p]roceedings involving probation. . . . Furthermore, [i]t is well settled that probation proceedings are informal and that strict rules of evidence do not apply to them." (Citation omitted; internal quotation marks omitted.) *State* v. *Tucker*, 179 Conn. App. 270, 276–77, 178 A.3d 1103, cert. denied, 328 Conn. 917, 180 A.3d 963 (2018). "The evidentiary standard for probation violation proceedings is broad.

. . . [T]he court may . . . consider the types of information properly considered at an original sentencing hearing because a revocation hearing is merely a reconvention of the original sentencing hearing." (Internal quotation marks omitted.) *State* v. *Megos*, 176 Conn. App. 133, 147, 170 A.3d 120 (2017). All that is necessary is that the information presented to the court is relevant and "has some minimal indicia of reliability." (Internal quotation marks omitted.) *State* v. *Shakir*, 130 Conn. App. 458, 464, 22 A.3d 1285, cert. denied, 302 Conn. 931, 28 A.3d 345 (2011). We review a trial court's rulings regarding the admissibility of evidence at a violation of probation hearing for an abuse of discretion. Id.

Here, the factual details regarding other offenses committed by the defendant were plainly relevant to the court's discretionary determination regarding whether it should revoke the defendant's probation, impose a new sentence, or continue the defendant on probation. Moreover, the evidence of the details of his other crimes was probative and had a minimal indicia of reliability because the defendant himself testified to the details during cross-examination by the state. Accordingly, we conclude that the court did not abuse its discretion by admitting this evidence.

The defendant's second claim is equally devoid of merit. After concluding that a defendant has violated his probation, the trial court is vested with broad discretion to determine whether the defendant should be continued on probation, or whether probation should be revoked and all or some of the original sentence be imposed. *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004); *State* v. *Corringham*, 155 Conn. App. 830, 837–38, 110 A.3d 535 (2015). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling; reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Tucker*, supra, 179 Conn. App. 284.

In the present case, the court found that the defendant, while on probation, committed a sexual assault in the first degree, the same criminal behavior for which he originally received a significant period of incarceration and a lengthy period of probation. Given the seriousness of the defendant's conduct and the risk he poses to the public, the trial court acted well within its broad discretion to sentence him to the remaining nine years of his original sentence.

The judgment is affirmed.

———————————