******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RANDY G.*
(AC 41488)

Lavine, Elgo and Moll, Js.

*Syllabus*

The defendant, who had been on probation in connection with his conviction of the crime of criminal violation of a protective order, appealed to this court from the judgment of the trial court revoking his probation and sentencing him to forty-four months of incarceration. During his probation period, the victim, who was the defendant's former girlfriend, gave a statement to the police in which she stated that the defendant had come to her home, looked in her window and then left the premises on a bicycle. Thereafter, the defendant was arrested and charged with violating the condition of his probation that required him to comply with a protective order in effect, which prohibited him from contacting the victim and required him to stay 100 yards away from her. *Held*:

1. The defendant could not prevail on his claim that the trial court abused its discretion by admitting into evidence a police report concerning his prior arrest relating to the underlying conviction, which was based on his claim that the report was unreliable hearsay because it included details of a home invasion and an assault charge that the state had nolled; that court properly admitted the police report into evidence as reliable hearsay, as it is well settled that probation proceedings are informal and that strict rules of evidence do not apply to such proceedings, in which a broad evidentiary standard is applied, and because a probation hearing is merely a reconvention of the original sentencing hearing, the court could consider types of information properly considered at that hearing, including evidence of crimes for which the defendant was charged but not prosecuted.

2. Contrary to the defendant's claim, the trial court did not abuse its discretion in refusing to admit into evidence a police report that was related to the victim's criminal complaint against a previous boyfriend: although the defendant claimed that the police report would have shown the victim's pattern of making false claims against former boyfriends and, therefore, would have impeached her credibility, defense counsel admitted on the record that there was no indication that the victim's prior complaint was false, and the police report failed to show any bias or prejudice on the victim's part against the defendant; moreover, the defendant's claim was inherently problematic because he was, in effect, asking this court to conclude that a victim's trustworthiness is directly related to the number of criminal complaints that he or she has filed, and because the defendant's evidentiary claim failed, his constitutional claim that the exclusion of the police report violated his due process right to confront witnesses against him also failed.

Argued September 20, 2019—officially released January 21, 2020

*Procedural History*

Information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Hartford, geographical area number twelve, and tried to the court, *Oliver, J.*; judgment revoking the defendant's probation, from which the defendant appealed to this court. *Affirmed.*

*James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Adam B. Scott*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Randy G., appeals from the judgment of the trial court finding him in violation of his probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that the court abused its discretion by (1) admitting into evidence a police report from the underlying case in which he was convicted and (2) refusing to admit evidence of the victim's criminal complaint against a previous boyfriend. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history that inform our analysis of the defendant's claims on appeal. Prior to the events at issue in the present appeal, the defendant and the victim lived together and had a child together. Sometime thereafter, the court issued a protective order against the defendant to protect the victim. On January 5, 2017, while the protective order was in effect, the defendant went to the victim's apartment, physically assaulted her, and fled on their child's bicycle. The defendant was charged with criminal violation of a protective order, failure to comply with fingerprint requirements, larceny in the sixth degree, and assault in the third degree. The defendant pleaded guilty to criminal violation of a protective order on February 8, 2017 (underlying conviction), and the state nolled the remaining charges. On April 27, 2017, the defendant was sentenced to four years of incarceration, execution suspended after 120 days, and three years of probation.

The defendant was released from the custody of the Commissioner of Correction on May 4, 2017, and signed his conditions of probation on May 15, 2017. Those conditions required the defendant to comply with the protective order in effect, which prohibited him from contacting the victim and required him to stay 100 yards away from her. On May 23, 2017, the victim contacted the defendant's probation supervisor, Thomas Buikus II, and informed him that the defendant had come to her home, harassed her, and vandalized her property. On the same date, she gave a statement to Officer Juan Rivera III of the East Hartford Police Department, relating that she heard a banging noise outside of her apartment and, after investigating, saw the defendant looking in her window. She further stated that the defendant had come to her apartment on a bicycle, and, after about ten minutes, he left the premises on the bicycle.

An arrest warrant was issued for the defendant on August 3, 2017, for his violation of probation by failing to adhere to the no contact condition. The state thereafter charged the defendant with violation of probation, and, following a hearing, the court found that the defendant had violated the conditions of his probation, revoked his probation, and sentenced him to forty-four months of incarceration. This appeal followed. Additional facts

will be set forth as necessary.

I

The defendant first claims that the court abused its discretion by admitting into evidence during the violation of probation hearing a police report concerning his prior arrest relating to the underlying conviction because it contained inadmissible hearsay. More specifically, the defendant claims that the report was improperly admitted under the business record exception to the hearsay rule and as reliable hearsay, and because it contained double hearsay.

During the probation violation hearing, Rivera testified as a witness for the state. The following examination transpired:

"[Defense Counsel]: And are you aware of the . . . victim [having] a history of calling the East Hartford Police Department with similar complaints?

"[Rivera]: I was not—

"[The Prosecutor]: Objection, Your Honor, relevance. . . .

"[Defense Counsel]: I would claim it only as to her credibility, Your Honor.

"[The Prosecutor]: She's not testified, Your Honor.

"The Court: It's overruled. You can answer, if you know, officer.

"[Rivera]: The only—I knew from looking up her history that she was involved with a case within a few months prior. That was pretty much all I knew.

"[Defense Counsel]: With another defendant?

"[Rivera]: No, I believe it was with [the defendant]."

The state then conducted redirect examination of Rivera.

"[The Prosecutor]: Officer Rivera, you indicated on cross-examination that you checked the incidents for [the defendant] previously that [the victim] was involved with. Do you—and you indicated that there was an arrest by Officer Sanzo with regard to [the defendant]?

"[Rivera]: Yeah. At the same apartment, Officer Sanzo had an arrest with him.

"[The Prosecutor]: Can you identify that document for the court?

"[Rivera]: Yeah, this is . . . the case report for Officer Sanzo at 126 Silver Lane.

"[The Prosecutor]: And was that document taken in the ordinary course of business?

"[Rivera]: Correct.

"[The Prosecutor]: And it's prepared by the East Hart-

ford Police Department in the ordinary course of business?

"[Rivera]: Yes.

"[The Prosecutor]: And is it kept by them in that same regard?

"[Rivera]: Yes.

"[The Prosecutor]: And was it made at or around the time of the incident that it purports to document?

"[Rivera]: Yes.

"[The Prosecutor]: I'd offer state's exhibit 4 as a full exhibit at this time, Your Honor. . . .

"[Defense Counsel]: Your Honor, I'm going to object to this document as hearsay because Officer Sanzo isn't here to testify about it. And this officer didn't . . . create the report. . . .

"[The Prosecutor]: It is hearsay, Your Honor. I've indicated a[n] . . . exception to the hearsay rule, a business record. I would also indicate that its relevance is made clear through the defendant's cross-examination of this witness, Your Honor. And I would also indicate that it goes to, being that this is a two tiered hearing, one that indicates the defendant's ability to conform to the conditions of probation . . . . If Your Honor indeed finds him in violation of probation, that this document would go to that issue. . . .

"[Defense Counsel]: . . . Your Honor . . . in my direct examination, we didn't really touch on any of the bases of the underlying conviction. And it doesn't appear that this witness has personal knowledge of the prior arrest as to indicate what would be required for a disability as a business record. I understand the court may be able to look at it as part, but it's just simply in terms of liability.

"The Court: Well, the business record exception does not require that the authenticator be the author, and this is a violation of probation hearing, reliable hearsay is allowed. I'll offer it both for adjudication and disposition.

"[Defense Counsel]: All right, thank you, Your Honor."

We first note that "the Connecticut Code of Evidence does not apply to proceedings involving probation. Section 1-1 (d) (4) of the Connecticut Code of Evidence specifically provides: The Code, other than with respect to privileges, does not apply in proceedings such as, but not limited to, the following . . . [p]roceedings involving probation." (Internal quotation marks omitted.) *State* v. *Megos*, 176 Conn. App. 133, 146, 170 A.3d 120 (2017). "It is well settled that probation proceedings are informal and that strict rules of evidence do not apply to them. . . . Hearsay evidence may be admitted

in a probation revocation hearing if it is relevant, reliable and probative. . . . At the same time, [t]he process . . . is not so flexible as to be completely unrestrained; there must be some indication that the information presented to the court is responsible and has some minimal indicia of reliability." (Internal quotation marks omitted.) Id.; see also *State* v. *Giovanni P.*, 155 Conn. App. 322, 327, 110 A.3d 442 ("[h]earsay evidence may be admitted in a probation revocation hearing if it is relevant, reliable and probative"[internal quotation marks omitted]), cert. denied, 316 Conn. 909, 111 A.3d 883 (2015).

On appeal, the defendant claims that the trial court abused its discretion by admitting the police report[1] under the business record exception to the hearsay rule and, further, because the court "sua sponte broadened the bases for admission to include reliable hearsay" although the police report did not meet the standards for reliable hearsay. The defendant argues that the police report was unreliable because "[i]t details a very violent attack and home invasion," even though the defendant was convicted only on the charge of criminal violation of a protective order, and not on the assault charge, which was nolled.[2] The defendant further claims that the police report was improperly admitted because it contained double hearsay, insofar as the report documented statements made by the victim and her then boyfriend. In response, the state argues that the police report was indeed reliable because the report was prepared by a police officer in the course of his duties shortly after the incident in question and was corroborated at least in part by another officer who testified at the hearing, the victim testified that the defendant previously had violated protective orders that had been put in place against him, and the defendant testified at the hearing that he was arrested and convicted twice in 2013 and once in 2017 for violating protective orders in place to protect the victim.

We disagree with the defendant's characterization of the court's ruling. We construe the court's ruling to indicate that the police report was ultimately admitted as reliable hearsay. We consider the trial court's admission of the police report as reliable hearsay particularly mindful of the following principles. "The evidentiary standard for probation violation proceedings is broad. . . . [T]he court may . . . consider the types of information properly considered at an original sentencing hearing because a revocation hearing is merely a reconvention of the original sentencing hearing. . . . The court may, therefore, consider hearsay information, evidence of crimes for which the defendant was indicted but neither tried nor convicted, evidence of crimes for which the defendant was acquitted, and evidence of indictments or informations that were dismissed." (Internal quotation marks omitted.) *State* v. *Megos*, supra, 176 Conn. App. 147. After reviewing the record,

we conclude that the court did not abuse its discretion in admitting as reliable hearsay the police report from the underlying case in which the defendant was convicted. Because the report was properly admitted as reliable hearsay, we need not address the defendant's claims related to the business record exception.[3]

## II

The defendant's second claim is that the court abused its discretion by failing to admit evidence of the victim's criminal complaint against a previous boyfriend and, therefore, violated the defendant's due process right to confront witnesses against him. We disagree.

The following additional facts and procedural history are relevant to our disposition of this claim. At the violation of probation hearing, defense counsel proffered a police report from 2014, which was prompted by the victim's complaint against a previous boyfriend, John Henry (Henry police report). Defense counsel sought to use the Henry police report to impeach the victim's credibility with regard to bias, interest, or prejudice against the defendant. Defense counsel argued that the Henry police report showed the victim's "prejudice against old boyfriends, and calling the police on [them]." Counsel further argued that the report was similar to the present incident because there was little proof to support the victim's allegation insofar as when the responding officer arrived, "no one was there." The prosecutor objected on the basis of relevance, because the prior incident involved a different time, location, and individual. The court sustained the prosecutor's objection because there was no indication that the victim's prior complaint was false and, therefore, the court concluded, the evidence was not relevant.[4]

"Ordinarily, [o]ur standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Young*, 63 Conn. App. 794, 798, 778 A.2d 1015, cert. denied, 258 Conn. 903, 782 A.2d 140 (2001).

"[R]evocation of [probation] is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to [probation] revocations. . . . A probation revocation hearing must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. . . . A probationer is entitled to be heard and show, if possible, that a

violation did not occur. The inquiry is a narrow one and the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial. . . .

"The process, however, is not so flexible as to be completely unrestrained; there must be some indication that the information presented to the court is responsible and has some minimal indicia of reliability. . . . Both the probationer . . . and the [s]tate have interests in the *accurate* finding of fact and the informed use of discretion—the probationer . . . to insure that his liberty is not unjustifiably taken away and the [s]tate to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community. . . . [T]he state, as well as the probationer, has an interest in a *reliable* determination of whether probation has been violated." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 799–800.

On appeal, the defendant claims that the court improperly excluded the Henry police report because it would have shown a pattern of the victim making false or exaggerated claims against former boyfriends and, therefore, would have impeached the victim's credibility. Defense counsel admitted on the record that there was no indication of falsity in the victim's criminal complaint about Henry in the report. The defendant also argues, somewhat contrarily, that the evidence was not offered as to the victim's veracity, but as to bias, and, therefore, the evidence did not need to be false to be relevant. The defendant, however, failed to present any evidence of bias on the part of the victim against the defendant.[5] On the basis of the foregoing, it is apparent that the Henry police report failed entirely to show bias or prejudice on the part of the victim against the defendant. The defendant's claim is also inherently problematic because he is, in effect, asking this court to conclude that a victim's trustworthiness is directly related to the number of criminal complaints that he or she has filed. We conclude that the court did not abuse its discretion in excluding the Henry police report. Because the defendant's evidentiary claim fails, his constitutional claim also fails. See *State* v. *Durdek*, 184 Conn. App. 492, 511 n.10, 195 A.3d 388, cert. denied, 330 Conn. 934, 194 A.3d 1197 (2018).

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2012); we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] That report described the incident leading to the defendant's arrest for criminal violation of a protective order and assault.

[2] Although the defendant's argument pertains to the fact that the assault charge against him was nolled, we note that the charges of larceny and failure to comply with fingerprint requirements against him were also nolled.

[3] The defendant also claims on appeal that his due process right to confront and cross-examine adverse witnesses, pursuant to *Morrissey* v. *Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), was violated because he was not able to confront the author of the police report, as well as the victim and her then boyfriend who gave statements to the police. See *State* v. *Shakir*, 130 Conn. App. 458, 466–468, 22 A.3d 1285, cert. denied, 302 Conn. 931, 28 A.3d 345 (2011). The defendant did not preserve this constitutional claim because he failed to raise an objection that provided opposing counsel and the court with fair notice of that claim. See id., 462 (claim unpreserved where defendant objected solely on basis of unreliable hearsay); *State* v. *Crespo*, 190 Conn. App. 639, 647, 211 A.3d 1027 (2019) (claim unpreserved where defendant never argued that court was required to conduct balancing test to determine whether due process right was violated). Because the defendant failed to preserve the claim, it is not reviewable by this court. It is also on this basis that the record is inadequate to afford the defendant review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). See *State* v. *Crespo*, supra, 648. To the extent that the defendant separately makes a purely evidentiary claim on double hearsay grounds, this claim was not preserved because the defendant did not make an objection based on double hearsay before the trial court.

[4] When questioned on the falsity of the victim's complaint made against Henry in 2014, defense counsel admitted: "I don't have any indication it was construed to be false, Your Honor. Simply they didn't find him at the apartment and there was further investigation to follow."

[5] In support of his argument, the defendant cites to *State* v. *Cortes*, 276 Conn. 241, 256, 885 A.2d 153 (2005), for the proposition that the end of an emotionally charged sexual relationship "generates greater bias and motive to fabricate accusations than an argument between friends or acquaintances." The defendant, however, failed to present evidence that the end of his relationship with the victim was emotionally charged and, further, failed to present evidence that the victim's relationship with Henry was sexual in nature and ended emotionally.