## STATE OF CONNECTICUT *v.* STEPHEN IOVANNA
(AC 23469)

Dranginis, Bishop and McLachlan, Js.

Argued September 23—officially released November 18, 2003

*Norman A. Pattis*, with whom, on the brief, was *David G. Toro*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael*

---

*Dearington,* state's attorney, and *Don Therkildsen, Jr.,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Stephen Iovanna, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction for six months, execution suspended after thirty days, and one year of probation. The defendant claims that his due process rights were violated because the state sought, at the hearing, to proceed on the basis of a new theory, a criminal mischief charge, in addition to the disorderly conduct and criminal trespass charges on which he had been arrested while on probation. We affirm the judgment of the trial court.

On August 22, 2001, the defendant entered a plea under the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to three counts of harassment in the second degree in violation of General Statutes § 53a-183 and three counts of breach of the peace in violation of General Statutes § 53a-181. The total effective sentence imposed was twenty-seven months, execution suspended, with two years of probation. Among the conditions of probation was a special condition that he have no contact with the victim.

On April 8, 2002, an arrest warrant for violation of probation was issued, which set forth the following facts. The victim indicated that the defendant had driven into her driveway, walked to the front door and ripped down a large American flag that was hanging there. The victim's son called the police to report that the defendant was on the victim's property. The probation officer's affidavit in support of the warrant indicated that he believed there was probable cause to issue the warrant because the defendant had violated the

court imposed special condition of no contact. There-after, a separate arrest warrant was issued on the basis of the same incident in which the defendant was charged with criminal trespass in the first degree in violation of General Statutes § 53a-107 and disorderly conduct in violation of General Statutes § 53a-182. The defendant turned himself in to the police and was arraigned on those charges.

On June 19, 2002, at the commencement of the violation of probation hearing, the state filed a substitute information charging that the defendant had violated his probation by committing the offense of criminal mischief, in addition to the previously charged criminal trespass and disorderly conduct counts.[1] The defendant acknowledges, in his brief, that he had adequate notice of the charges that he committed the offenses of disorderly conduct and criminal trespass. The defendant sought to dismiss the violation of probation charge, claiming he had not been given prior notice of the criminal mischief charge as required by General Statutes § 53a-32 (a).[2] The court found that the defendant had been afforded due process and had been given adequate notice of the charges against him. We agree.

In *State* v. *Repetti*, 60 Conn. App. 614, 617, 760 A.2d 964, cert. denied, 255 Conn. 923, 763 A.2d 1043 (2000), the defendant claimed "the laws he was found to have violated were different from those cited in his violation of probation warrant." This court disagreed. As we explained: "Here, the defendant's violation of probation

---

[1] The violation of probation information was based on the claimed breach of the special condition of probation of no contact with the victim.

[2] General Statutes § 53a-32 (a) in relevant part mandates that "upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge . . . ."

warrant fully described the June 30, 1999 incident, which ultimately was a basis for the court's finding a violation of probation. . . . From the warrant and the substitute information, the defendant was aware that he was accused of violating specific criminal laws of this state because of his actions at [the victim's] residence. . . . Under those circumstances, it is clear that the defendant received notice of the ways in which he was ultimately found to have violated his probation." Id., 618. In this case, the warrant with which the defendant was served detailed the specific facts of the incident in question, encompassing the necessary elements of a criminal mischief charge. In light of the warrant and the substitute information, the defendant was provided adequate notice as to that charge.

The terms of the defendant's probation included the condition that he not violate any criminal law. Moreover, "[w]here criminal activity forms the basis for the revocation of probation, the law imputes to the probationer the knowledge that further criminal transgressions will result in a condition violation and the due process notice requirement is similarly met." *State* v. *Reilly*, 60 Conn. App. 716, 728, 760 A.2d 1001 (2000). At the conclusion of the violation hearing, the court found that the state had satisfied its burden of proving that the defendant violated the conditions of his probation: "[T]he violation is based solely on the court's finding by a preponderance of a violation of a criminal offense, in this case, three criminal offenses, stemming from the same incident."

On the basis of our review of the record, the defendant received adequate notice of the grounds on which he ultimately was found to have violated his probation. See *State* v. *Maye*, 70 Conn. App. 828, 839, 799 A.2d 1136 (2002); *State* v. *Pierce*, 64 Conn. App. 208, 214–15, 779 A.2d 233 (2001). We therefore conclude that the defendant's due process rights were not violated.

The judgment is affirmed.