******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DAVE ANDAZ
(AC 38888)

Keller, Bright and Pellegrino, Js.

*Syllabus*

The defendant, who had been on probation in connection with his conviction of the crime of possession of a weapon or dangerous instrument in a correctional institution, appealed to this court from the judgment of the trial court finding him in violation of his probation. As a standard condition of his probation, the defendant was required and agreed not to violate any state or federal criminal law. During his probation, the defendant was arrested in connection with his assault of a college student, and he was thereafter arrested a second time and charged with burglary in the third degree, criminal trespass in the third degree and larceny in the sixth degree after being found by the police in an abandoned building. The defendant then was arrested pursuant to a warrant for violation of his probation. As the basis for his violation of probation, the arrest warrant application cited the second arrest as a violation of the general condition of his probation that he not violate any state or federal criminal law. Six days before the scheduled violation of probation hearing, the state filed a long form information substituting the defendant's first arrest as the underlying basis for the violation of his probation, and the defendant and his counsel were informed of this change on that same day. The defendant's counsel did not object to the change or seek a continuance of the hearing. Following the hearing, the trial court found by a preponderance of the evidence that the defendant, by assaulting the victim, had violated a criminal law, thereby violating a general condition of his probation. The court revoked the defendant's probation, and the defendant appealed to this court. On appeal, he claimed, for the first time, that his due process right to fair notice of the charges against him was violated by the state's filing of a substitute information changing the underlying basis for his violation of probation six days prior to his violation of probation hearing because the late notice caused him unfair surprise and prejudice in preparing his defense. *Held* that the defendant's unpreserved due process claim failed under the third prong of the test set forth in *State* v. *Golding* (213 Conn. 233), as the defendant received adequate notice of the ground on which he ultimately was found to have violated his probation: it was undisputed that the substitute information was filed six days before the start of the defendant's probation hearing and the record revealed that the defendant's counsel acknowledged that he and the defendant had received the substitute information that same day, that counsel voiced no objection and did not seek a continuance at that time and that counsel had reviewed the substitute information with the defendant prior to the hearing, and the defendant provided no case law to support the proposition that six days did not constitute fair notice; moreover, from the arrest warrant and the substitute information, the defendant was aware that he was accused of having violated the criminal laws of this state because of his recent arrests, as the defendant was charged with having violated the general condition of his probation that he would not violate any criminal law, the arrest warrant application specified that condition as the basis of his violation and the state did not alter the underlying condition that it alleged the defendant had violated when it filed the substitute information.

Argued January 2—officially released April 17, 2018

*Procedural History*

Substitute information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of New Haven and tried to the court, *O'Keefe, J.*; judgment revoking the defendant's probation, from which the defendant appealed to this court. *Affirmed.*

*Peter Tsimbidaros*, assigned counsel, with whom, on the brief, were *Christopher Duby*, assigned counsel, and *Robert O'Brien*, assigned counsel, for the appellant (defendant).

*Linda Currie-Zeffiro*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, former state's attorney, and *Sean McGuinness*, assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Dave Andaz, also known as David Polek,[1] appeals from the judgment of the trial court finding him in violation of his probation pursuant to General Statutes § 53a-32.[2] On appeal, the defendant claims that his due process right to fair notice of the charges against him was violated by the state's filing of a substitute information changing the underlying basis for his violation of probation six days prior to his probation revocation hearing. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the issue on appeal. On April 29, 2014, the defendant was convicted of possession of a weapon or dangerous instrument in a correctional institution in violation of General Statutes § 53a-174a and sentenced to six years incarceration, execution suspended after thirteen months, followed by three years of probation. The court imposed and the defendant agreed to the standard conditions of probation, which included, inter alia, that he not violate any state or federal criminal law. The period of probation began on February 27, 2015. Thereafter, on May 5, 2015, the defendant was arrested following an incident on the New Haven green when he and two other individuals were seen assaulting a student from Yale University. On July 29, 2015, the defendant was arrested when he was found in an abandoned building at 301 George Street in New Haven and charged with burglary in the third degree in violation of General Statutes § 53a-103, criminal trespass in the third degree in violation of General Statutes § 53a-109, and larceny in the sixth degree in violation of General Statutes § 53a-125b.

On July 30, 2015, the defendant was arrested on a warrant for a violation of his probation pursuant to § 53a-32. As the basis for his violation, the warrant cited the July 29, 2015 arrest as a violation of the general condition of probation that the defendant not violate any state or federal criminal law. An attorney was appointed to represent the defendant. On December 2, 2015, six days before the date of the violation of probation hearing, the state filed a long form information substituting the May 5, 2015 arrest, rather than the July 29, 2015 arrest cited in the original warrant, as the underlying basis for the violation of his probation. The defendant and his attorney were informed of this change on December 2, 2015. The defendant's attorney did not object to the change or seek a continuance of the hearing. Following the violation of probation hearing on December 8, 2015, the court found by a preponderance of the evidence that the defendant, by assaulting the victim, violated a criminal law, thereby violating a general condition of his probation. As a result of this violation, the court revoked the defendant's probation and sentenced him to thirty months of incarceration.

This appeal followed. Additional facts will be set forth as necessary.

The defendant's sole claim on appeal is that he was deprived of his due process right to fair notice of the charges against him when the state filed a substitute information six days prior to his probation revocation hearing. The defendant argues that the late notice caused him unfair surprise and prejudice in preparing his defense.[3] The defendant concedes that his due process claim is unpreserved and seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).

Pursuant to *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) *State* v. *Tucker*, 179 Conn. App. 270, 279,     A.3d     (2018). "In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v. *Santana*, 313 Conn. 461, 469–70, 97 A.3d 963 (2014). Upon review of the record, we conclude that the defendant has failed to satisfy the third prong of *Golding*.

We begin by setting forth the relevant legal principles. It is well established that the defendant is entitled to due process rights in a probation violation proceeding. "Probation revocation proceedings fall within the protections guaranteed by the due process clause of the fourteenth amendment to the federal constitution. . . . Probation itself is a conditional liberty and a privilege that, once granted, is a constitutionally protected interest. . . . The revocation proceeding must comport with the basic requirements of due process because termination of that privilege results in a loss of liberty." (Citation omitted; internal quotation marks omitted.) *State* v. *Barnes*, 116 Conn. App. 76, 79, 974 A.2d 815, cert. denied, 293 Conn. 925, 980 A.2d 913 (2009). "Although the due process requirements in a probation revocation hearing are less demanding than those in a full criminal proceeding,[4] they include the provision of written notice of the claimed violations to the defendant." (Footnotes added and omitted.) *State* v. *Repetti*, 60 Conn. App. 614, 617, 760 A.2d 964, cert. denied, 255 Conn. 923, 763 A.2d 1043 (2000).

The defendant argues that the state did not provide him with adequate notice of the basis of his violation of probation when it filed a substitute information six days prior to the violation of probation hearing. This court has held, however, that "[i]t is beyond question that in a criminal proceeding, the state may change the factual basis supporting a criminal count prior to trial. See Practice Book § 36-17.[5] If substantive amendments are permissible prior to trial in a criminal proceeding, then surely our legislature did not intend to prohibit them prior to a hearing in a probation revocation proceeding." (Footnote in original.) *State* v. *Outlaw*, 60 Conn. App. 515, 526, 760 A.2d 140 (2000), aff'd, 256 Conn. 408, 772 A.2d 1122 (2001). The language of Practice Book § 36-17 requires only that the substitute information be filed before the trial or hearing commences, which this court interprets broadly. See *State* v. *Iovanna*, 80 Conn. App. 220, 223, 834 A.2d 742 (2003) (defendant received adequate notice of grounds on which he was found to have violated probation where state filed substitute information with additional charge at beginning of probation hearing); *State* v. *Repetti*, supra, 60 Conn. App. 617 (no due process violation in probation hearing where state filed substitute information before start of probation hearing and defendant did not object to substituted charges); see generally *State* v. *Marsala*, 44 Conn. App. 84, 89–90, 688 A.2d 336 (finding no abuse of discretion where court allowed prosecutor to amend information on day that trial began), cert. denied, 240 Conn. 912, 690 A.2d 400 (1997).

The record reveals that on December 2, 2015, the state filed a substitute information charging the defendant with violation of probation on the basis of his May 5, 2015 arrest. On that date, the defendant's counsel acknowledged that he and the defendant had received the substituted information. The defendant's counsel voiced no objection and did not seek a continuance at that time. The defendant's probation revocation hearing was held on December 8, 2015, six days later. Prior to the start of the hearing, the defendant's counsel stated that he had reviewed the substituted information with the defendant. It is undisputed that the substitute information was filed prior to the start of the defendant's probation hearing, and the defendant provides no case law, nor do we find any such authority, to support the proposition that six days does not constitute fair notice.

Furthermore, the condition of the defendant's probation that he was charged with violating was that he would not violate any criminal law, and the arrest warrant application, dated July 30, 2015, specified that condition as the basis of the violation. The state did not alter the underlying condition that it alleged the defendant had violated, that he not violate any criminal law, when it filed the substitute information on December 2, 2015. From the warrant and the substitute informa-

tion, the defendant was aware that he was accused of violating the criminal laws of this state because of his recent arrests. This court has stated that "[w]here criminal activity forms the basis for the revocation of probation, the law imputes to the probationer the knowledge that further criminal transgressions will result in a condition violation and the due process notice requirement is similarly met." (Internal quotation marks omitted.) *State* v. *Hooks*, 80 Conn. App. 75, 80, 832 A.2d 690, cert. denied, 267 Conn. 908, 840 A.2d 1171 (2003). At the conclusion of the violation of probation hearing, the court found that the state had satisfied its burden of proving that the defendant violated this general condition: "I find . . . by a fair preponderance of the evidence that [the defendant] engaged in criminal behavior while he was on probation. So, he's in violation of his probation."

After a careful review of the record, we conclude that the defendant received adequate notice of the ground on which he ultimately was found to have violated his probation. See *State* v. *Iovanna*, supra, 80 Conn. App. 223. Accordingly, the defendant's claim fails *Golding*'s third prong because he has failed to demonstrate that a constitutional violation exists and deprived him of due process during his probation revocation hearing.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the various informations and warrants occasionally refer to the defendant by the last name "Polek," his legal name is Andaz, and the trial court granted his motion to correct the record to reflect that his legal name is Andaz on September 29, 2015.

[2] General Statutes § 53a-32 (a) provides in relevant part: "Whenever a probation officer has probable cause to believe that a person has violated a condition of such person's probation, such probation officer may notify any police officer that such person has, in such officer's judgment, violated the conditions of such person's probation and such notice shall be sufficient warrant for the police officer to arrest such person and return such person to the custody of the court or to any suitable detention facility designated by the court. . . ."

[3] See *State* v. *Carter*, 84 Conn. App. 263, 273, 853 A.2d 565 ("[w]here the defendant can demonstrate neither unfair surprise nor prejudice, he cannot claim an infringement of his constitutional right to fair notice of the crimes with which he is charged" [internal quotation marks omitted]), cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005).

[4] This court has recently discussed the due process requirements for a probation hearing in *State* v. *Tucker*, supra, 179 Conn. App. 280, stating: "[T]he minimum due process requirements for revocation of [probation] include written notice of the claimed [probation] violation, disclosure to the [probationer] of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses in most instances, a neutral hearing body, and a written statement as to the evidence for and reasons for [probation] violation. . . . Despite that panoply of requirements, a probation revocation hearing does not require all of the procedural components associated with an adversarial criminal proceeding." (Internal quotation marks omitted.)

[5] "Practice Book § 36-17 provides: " 'If the trial has not commenced, the prosecuting authority may amend the information, or add additional counts, or file a substitute information. Upon motion of the defendant, the judicial authority, in its discretion, may strike the amendment or added counts or substitute information, if the trial or the cause would be unduly delayed or

the substantive rights of the defendant would be prejudiced.' " *State* v. *Outlaw*, supra, 60 Conn. App. 526 n.14.

―――――――――――――